Gary Adelman (GA7138)
BARTON, BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, NY 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARGARET WALLACE,

07 Civ. _____

|  |  |
|---|---|
| Plaintiff, | Judge: |
| -against- | Magistrate: |
| SKUNK STUDIOS, INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK, | **VERIFIED COMPLAINT** |
| Defendant(s). | Jury Trial Demanded |

-----------------------------------------------------------X

Plaintiff MARGARET WALLACE (hereinafter "Plaintiff"), by her attorneys,

BARTON, BARTON & PLOTKIN, LLP complaining of the above named Defendants,

SKUNK STUDIOS, INC. (hereinafter "Skunk Studios"), JASON CALDERONE, TOM

ESTESS, and KALLE WIK (hereinafter "Defendants Calderone, Estess, and Wik"),

alleges as follows:

PARTIES AND JURISDICTION

1.    This is an action for declaratory judgment and equitable relief stemming

from the Defendants' undertaking to unlawful dilute the Plaintiff's interest in Skunk

Studios.

2.    Skunk Studios is a close or private corporation organized and existing

under the laws of the State of California.

3.     Plaintiff is an individual residing in the state of New York and is, and at all times relevant hereto was, a minority shareholder of Skunk Studios.

4.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1322(a)(2) and (c)(1), as the Plaintiff is a citizen of New York and the Defendants citizens of California, and the amount in controversy, namely the value of Plaintiff's interest in Skunk Studio, exceeds the jurisdictional sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the property that is the subject of the action, namely the Plaintiff's stock certificate in Skunk Studios, is situated here.

6.     Federal Courts sitting in diversity are obligated to apply the choice-of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (U.S. 1941). Under the New York "center of gravity" or "grouping of contacts" test, *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573 (2d Cir. 2006), California law should apply in the instant case, as the majority of the underlying occurrences leading up to this lawsuit have taken place there.

## STATEMENT OF THE CASE

7.     Plaintiff is a shareholder of Skunk Studios and was its Chief Executive Officer and director until about February 1, 2007.

8.     Skunk Studios is in the business of developing casual single-player online video games.

9.     At the time the Plaintiff joined Skunk Studios, she brought numerous contacts with her, who are affiliated with major corporate players in the gaming industry,

2

and as a result, Skunk Studios signed several profitable business contracts with these companies.

10.    Upon her relocation to New York, Plaintiff stopped working at Skunk Studios on a daily basis in her capacity as CEO.  Plaintiff however remained active in her efforts to provide Skunk Studios continuing help to obtain lucrative gaming contracts.

11.    Upon information and belief, subsequent to the Plaintiff's move, the Defendants have engaged in several corporate transactions, acts or events, which violate the Company's By-laws and California law.

12.    Sometime in August, 2006, Joseph Walters, another shareholder of Skunk Studios, sold his shares in Skunk Studios to the company for one-hundred and fifteen thousand dollars ($115,000.00).  Plaintiff never received any formal notice of this sale and never voted nor was permitted to vote on this sale.

13.    Upon information and belief, Mr. Walters' shares were purchased with corporate funds of Skunk Studios, but Defendants Calderone, Estess, and Wik distributed the shares to themselves personally, without formally purchasing them from the company.

14.    In addition, Skunk Studios was required to have an annual meeting of its shareholders pursuant to its By-laws sometime in April, 2007, however, upon information and belief, either the meeting was held without the Plaintiff, or no meeting was held at all.  A true and correct copy of the By-laws of Skunk Studios is attached hereto as Exhibit "A."

15.    More pertinently, Plaintiff received a letter dated April 24, 2007 from Skunk Studios, which shockingly stated that the Defendants have taken it upon

themselves to issue "new stock options to the remaining shareholders...which would have...the direct effect of substantially diluting [only the Plaintiff's] interest." (Exhibit "B.")

16.     Defendants are only diluting the Plaintiff's shares, not those of the remaining shareholders.  Upon information and belief, the Defendants have absolutely no right or justification to engage in said dilution.

17.     Additionally, in the letter, in an effort to couch their unlawful dilution, the Defendants accused the Plaintiff, without justification or proof, of breaching her fiduciary duties to the company and seizing the company's corporate opportunity by virtue of the Plaintiff's creation of a new and entirely unrelated company called Rebel Monkey, LLC (hereinafter "Rebel Monkey").  A true and correct copy of that letter is attached hereto as Exhibit "B."

18.     Defendants Calderone, Estess, and Wik also failed to observe corporate formalities regarding the new stock issuances described in the April 24, 2007 letter (Exhibit "B"), and as such, upon information and belief, those stock options are invalid.

19.     On May 4, 2007, the Plaintiff, by her attorneys, responded to the Defendants' April 24, 2007 letter, asking them to substantiate their allegations against her.  Plaintiff's letter informed the Defendants that purposefully diluting a minority shareholder's interest in a close corporation is a violation of California law.  In the letter, Plaintiff also asked to resolve this matter amicably and in good faith suggested that the parties engage in meaningful dialogue prior to petitioning the Court to intervene.  A true and correct copy of that letter is attached hereto as Exhibit "C."

20.    To this date, there has been no response on the part of the Defendants to the Plaintiff's May 4, 2007 letter.

21.    Upon information and belief, Defendants Calderone, Estess, and Wik, as controlling shareholders of Skunk Studios, have breached their fiduciary obligations to the Plaintiff, a minority shareholder, by unlawfully diluting her (and only her) interest in the company without any right or justification to do so.

22.    Upon information and belief, Defendants Calderone, Estess, and Wik, as the corporate directors of Skunk Studios, have breached their fiduciary obligations by failing to follow corporate formalities and excluding the Plaintiff in regards to the purchase of Joseph Walters' shares, and in regards to approval of the issuance of stock options discussed in the April 24, 2007 letter (Exhibit "B").

23.    Upon information and belief, under California law, a breach of fiduciary duties constitutes a willful injury to the wronged party, thus making a request for punitive damages reasonable and appropriate.

24.    Additionally, upon information and belief, Defendants Calderone, Estess, and Wik, unjustly enriched themselves at the expense of the Plaintiff by distributing Joseph Walters' shares, which were purchased with corporate funds, to themselves, and by distributing the newly issued stock discussed in the April 24, 2007 letter without actually exercising the options, nor tendering payment to the company for the stock.

25.    In the alternative, if Defendants Calderone, Estess, and Wik did exercise the "new stock options" and formally purchased the stock from Skunk Studios, then upon information and belief, Skunk Studios has been unjustly enriched, since the stock options were unlawfully issued.

## COUNT I – BREACH OF FIDUCIARY DUTIES – DILUTION

26.     Plaintiff repeats and re-alleges paragraphs "1" through "25" of the Complaint as if set forth fully herein.

27.     Upon information and belief, Plaintiff is a minority shareholder of Skunk Studios as she is unable to control the actions of the Defendant board of directors or the management of its business.

28.     Upon information and belief, Plaintiff is a minority shareholder of Skunk Studios as she currently holds less than the blocking minority and therefore cannot change the company's objectives or the way it is managed.

29.     Upon information and belief, Defendants Calderone, Estess, and Wik are majority or controlling shareholders of Skunk Studios as they, acting in concert to accomplish a joint purpose, hold a blocking minority and therefore effectively control the management of Skunk Studios.

30.     Upon information and belief, under California law, Defendants Calderone, Estess, and Wik, as majority shareholders and directors of Skunk Studios, have a fiduciary responsibility to the minority shareholders to control the corporation in a fair, just, and equitable manner, and may not use their power to benefit themselves in a manner detrimental to the minority.

31.     Upon information and belief, under California law, Defendants Calderone, Estess, and Wik, as majority shareholders and directors of Skunk Studios, are in a position of trust and have the burden of proving that its contracts or engagements with or on behalf of the corporation were in good faith and inherently fair to the Plaintiff.

32.    Upon information and belief, Defendants Calderone, Estess, and Wik, as controlling shareholders and directors of Skunk Studios, owe a fiduciary obligation to the Plaintiff not to dilute her interest in the company without justification to benefit themselves at the expense of the Plaintiff.

33.    In the April 24, 2007 letter, the Defendants conceded that they have taken it upon themselves to issue "new stock options to the remaining shareholders…which would have…the direct effect of substantially diluting [only the Plaintiff's] interest."

34.    Defendants are only diluting the Plaintiff's shares, not those of the remaining shareholders.  Upon information and belief, the Defendants have absolutely no right or justification to engage in said dilution.

35.    Upon information and belief, the Defendants have also engaged in unlawful dilution when they purchased Joseph Walters' shares without giving the Plaintiff notice and/or an opportunity to vote on the sale and without an opportunity to purchase a proportional fraction of his interest in Skunk Studios.

36.    Due to the foregoing and as a direct and proximate cause of the Defendants' undertaking to unlawfully dilute the Plaintiff's shares, Plaintiff respectfully asks this Court for an order (a) invalidating and annulling the "new stock options" referred to in the April 24, 2007 letter and all issuances not formally approved by a vote of all shareholders of Skunk Studios, including the Plaintiff; (b) directing the Defendants to account for all damages caused by them and all profits and special benefits and unjust enrichment they have obtained as a result of their unlawful issuance of stock options; (c) ordering the imposition of a constructive trust over the Defendants' stock options and any proceeds derived therefrom; (d) declaring that the six-hundred (600) shares purchased by

7

the company from Joseph Walters are not outstanding; (e) declaring that the Plaintiff currently owns six-hundred (600) out of the two-thousand four-hundred (2,400) outstanding shares in Skunk Studios; (f) awarding punitive damages; (g) awarding costs and disbursements of this action, including reasonable attorneys' fees; and (h) granting such other and further relief as this Court may deem just and proper.

<u>COUNT II – BREACH OF FIDUCIARY DUTIES – FAILURE TO FOLLOW CORPORATE FORMALITIES</u>

37.     Plaintiff repeats and re-alleges paragraphs "1" through "36" of the Complaint as if set forth fully herein.

38.     Upon information and belief, Defendants Calderone, Estess, and Wik, as directors of Skunk Studios, have a fiduciary duty to follow all necessary corporate formalities, requirements, and procedures pursuant to the company's By-laws. (Exhibit "A.")

39.     As such, upon information and belief, they had an obligation to hold a meeting of the membership in regards to the company's purchase of Joseph Walters' shares and his departure from the company, were required to properly notice all shareholders of said meeting, and were obligated to hold a vote in order to approve that sale.

40.     Sometime in August, 2006, Joseph Walters sold his shares in Skunk Studios to the company for one-hundred and fifteen thousand dollars ($115,000.00). Plaintiff never received any formal notice of this sale and never voted nor was permitted to vote on this sale.

8

41.     Upon information and belief, Defendants neglected to hold a membership meeting or vote in regards to the Joseph Walters sale, despite its requirement to do so pursuant to the Skunk Studios' By-laws. (Exhibit "A.")

42.     Upon information and belief, Mr. Walters' shares were purchased with corporate funds of Skunk Studios, but Defendants Calderone, Estess, and Wik distributed the shares to themselves personally without formally purchasing them from the company.

43.     Upon information and belief, Defendants had an obligation to hold a meeting of the membership in regards to the company's issuance of new stock options, as specified in the April 24, 2007 letter, (Exhibit "B"), were required to properly notice all shareholders of said meeting, and were obligated to hold a vote in order to approve that issuance.

44.     In that letter, Defendants stated that they have taken it upon themselves to issue "new stock options to the remaining shareholders...which would have...the direct effect of substantially diluting [only the Plaintiff's] interest." (Exhibit "B.") This was the first the Plaintiff heard of the said issuance. Plaintiff never received any formal notice of this issuance and never voted nor was permitted to vote on the terms of the stock options.

45.     Upon information and belief, Defendants neglected to hold a membership meeting or vote in regards to the issuance of the new stock option despite its requirement to do so pursuant to the Skunk Studios' By-laws. (Exhibit A.)

46.     Upon information and belief, Defendants Calderone, Estess, and Wik, distributed the newly issued stock discussed in the April 24, 2007 letter to themselves without actually exercising the options nor tendering payment to the company for the stock.

47.    In the alternative, if Defendants Calderone, Estess, and Wik did exercise the "new stock options" and formally purchased the stock from Skunk Studios, then upon information and belief, Skunk Studios has been unjustly enriched, since the stock options were unlawfully issued.

48.    Upon information and belief, the Defendants Calderone, Estess, and Wik also failed to follow required corporate formalities by either neglecting to hold a meeting of the Skunk Studios board of directors sometime in April, 2007 despite its requirement to do so pursuant to the Skunk Studios' By-laws or by holding said meeting without the Plaintiff. (Exhibit A.)

49.    Due to the foregoing and as a direct and proximate cause of the Defendants' failure to follow required corporate procedures, Plaintiff respectfully asks this Court for an order (a) invalidating and annulling the "new stock options" referred to in the April 24, 2007 letter and all issuances not formally approved by a vote of all shareholders of Skunk Studios, including the Plaintiff; (b) directing the Defendants to account for all damages caused by them and all profits and special benefits and unjust enrichment they have obtained as a result of their unlawful issuance of stock options; (c) ordering the imposition of a constructive trust over the Defendants' stock options and any proceeds derived therefrom; (d) declaring that the six-hundred (600) shares purchased by the company from Joseph Walters are not outstanding; (e) declaring that the Plaintiff currently owns six-hundred (600) out of the two-thousand four-hundred (2,400) outstanding shares in Skunk Studios; (f) awarding punitive damages; (g) awarding costs and disbursements of this action, including reasonable attorneys' fees; and (h) granting such other and further relief as this Court may deem just and proper.

COUNT IV - UNJUST ENRICHMENT

50.     Plaintiff repeats and re-alleges paragraphs "1" through "49" of the Complaint as if set forth fully herein.

51.     Upon information and belief, the Defendants Calderone, Estess, and Wik unjustly enriched themselves at the expense of the Plaintiff by distributing Joseph Walters' shares, which were purchased without a vote of approval with corporate funds, to themselves without paying for them.

52.     Upon information and belief, Defendants Calderone, Estess, and Wik, have also unjustly enriched themselves by distributing the newly issued stock discussed in the April 24, 2007 letter (Exhibit "B") to themselves without actually exercising the options nor tendering payment to the company for the stock.

53.     In the alternative, if Defendants Calderone, Estess, and Wik did exercise the "new stock options" and formally purchased the stock from Skunk Studios, then upon information and belief, Skunk Studios has been unjustly enriched, since the stock options were unlawfully issued.

54.     Due to the foregoing and as a direct and proximate cause of the Defendants' unjust enrichment, Plaintiff respectfully asks this Court for an order (a) invalidating and annulling the "new stock options" referred to in the April 24, 2007 letter and all issuances not formally approved by a vote of all shareholders of Skunk Studios, including the Plaintiff; (b) directing the Defendants to account for all damages caused by them and all profits and special benefits and unjust enrichment they have obtained as a result of their unlawful issuance of stock options; (c) ordering the imposition of a constructive trust over the Defendants' stock options and any proceeds derived

therefrom; (d) declaring that the six-hundred (600) shares purchased by the company from Joseph Walters are not outstanding; (e) declaring that the Plaintiff currently owns six-hundred (600) out of the two-thousand four-hundred (2,400) outstanding shares in Skunk Studios; (f) awarding punitive damages; (g) awarding costs and disbursements of this action, including reasonable attorneys' fees; and (h) granting such other and further relief as this Court may deem just and proper.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff requests an order directing the following:

A.    Invalidating and annulling the "new stock options" referred to in the April 24, 2007 letter and all issuances not formally approved by a vote of all shareholders of Skunk Studios, including the Plaintiff;

B.    Directing the Defendants to account for all damages caused by them and all profits and special benefits and unjust enrichment they have obtained as a result of their unlawful issuance of stock options;

C.    Ordering the imposition of a constructive trust over the Defendants' stock options and any proceeds derived therefrom;

D.    Declaring that the six-hundred (600) shares purchased by the company from Joseph Walters are not outstanding;

E.    Declaring that the Plaintiff currently owns six-hundred (600) out of the two-thousand four-hundred (2,400) outstanding shares in Skunk Studios;

F.    Awarding punitive damages;

G.    Awarding costs and disbursements of this action, including reasonable attorneys' fees; and

H.    Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 16, 2007

Respectfully submitted,

BARTON, BARTON & PLOTKIN, LLP

By: _____

GARY ADELMAN, ESQ.
(GA7138)
*Attorneys for the Plaintiff,*
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667

13

# VERIFICATION

STATE OF NEW YORK)

COUNTY OF _New York_    ss:

    Margaret Wallace, being duly sworn, deposes and says that she is the Plaintiff in this action; that she has read the foregoing and knows the contents thereof; that the same is true to the knowledge of deponent except as to the matters therein stated to be alleged on information and belief, and as to those matters she believes them to be true.

Dated:  New York, New York
      May 17, 2007

Margaret Wallace

Sworn to before me this
17 day of May, 2007

Notary Public

**Morgan Downer**
**Notary Public, State of New York**
**No.: 02DO6152128**
**Qualified in New York County**
**Commission Expires August 28, 2010**