UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARGARET WALLACE,

            Plaintiff,

vs.

SKUNK STUDIOS, INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK,

            Defendant.

Civil Action No. 07-CIV03899

**NOTICE OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (FRCP 12(b)(2) and (3))**

---

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, June 19, 2007 at 9:30 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007-1312, defendants SKUNK STUDIOS INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK ("Moving Defendants") will, and hereby do move this Court for an order to dismiss this action filed by plaintiff MARGARET WALLACE pursuant to Federal Rule of Procedure 12(b)(2) and 12(b)(3).

In the alternative, pursuant to 28 USC §1404, Moving Defendants will request this Court transfer venue to the United States District Court for the Northern District of California.

This motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Kalle Wik, the papers and pleadings on file with the Court, and on such other oral and documentary evidence as may be adduced at the hearing of this matter.

Dated: June 18, 2007

By: *[signature]*
Laurence J. Rabinovich
LAURENCE J. RABINOVICH, ESQ. (LR8616)
PHILIP A. BRAMSON, ESQ. (PB0054)
SCHINDEL FARMAN, LIPSIUS,
 GARDNER & RABINOVICH, L.L.P
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone: (212) 563-1710
Facsimile: (212) 695-6602

and

GREGORY M. FOX, ESQ.
RICHARD W. OSMAN, ESQ.
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
(Admission *Pro Hac Vice* Pending)

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARGARET WALLACE,

        Plaintiff,

vs.

SKUNK STUDIOS, INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK,

        Defendant.

Civil Action No. 07-CIV03899

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

---

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and (3), defendants SKUNK STUDIOS, INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK ("Moving Defendants") hereby move that this Court dismiss this action for lack of personal jurisdiction and improper venue. In the alternative, pursuant to 28 U.S.C. §1404, Moving Defendants respectfully request that this Court transfer this action to the Northern District of California, where jurisdiction and venue are proper.

## I. INTRODUCTION

Plaintiff Margaret Wallace, the former Chief Executive Officer and a current shareholder of defendant Skunk Studios, Inc., relocated from California to New York and filed suit against the Moving Defendants in the Southern District of New York. Even though all of the individual defendants reside in California, the corporation itself was organized and is located in California, the corporation selected California law as its governing law, and all disputed events occurred in California, plaintiff filed her lawsuit in New York. Plaintiff's only claimed ground for personal jurisdiction and venue in New York is that she took her Skunk stock certificate with her to New York when she moved. The presence of plaintiff's stock certificate in New York is insufficient to establish personal jurisdiction or venue over the Moving defendants. This action should be dismissed pursuant to FRCP 12(b)(2) and (3).

## II.   FACTS

Skunk Studios Inc. is a California corporation that was organized in California on or around December 30, 2005, with its principal executive office located in San Francisco, California. *See Exhibit A to Complaint; see Declaration of Kalle Wik*, filed concurrently and incorporated herein by reference ("*Wik Decl.*"), ¶2. In its first and only stock issuance, Skunk Studios issued 3,000,000 shares of stock. *Wik Decl.*, ¶3. Defendants Calderone, Estess, and Wik, along with plaintiff, are shareholders of Skunk Studios. *Wik Decl.*, ¶3. Calderone, Estess, Wik, Joseph Walters, and plaintiff were each issued 600,000 shares of stock in or around January 2006. *Wik Decl.*, ¶3. No other shares of stock were issued. *Wik Decl.*, ¶3. Subsequently Joseph Walters sold all of his shares back to the corporation. *Wik Decl.*, ¶4.

Since the corporation was formed, Calderone, Estess, and Wik have all resided in California. *Wik Decl.*, ¶5; *Complaint*, ¶4. All of Skunk Studios' employees reside in California, all of Skunk Studios' documents and property (other than plaintiff's stock certificate) are located in California, and Skunk Studios' principal (and only) office is located in California. *Wik Decl.*, ¶6; *see Bylaws*, attached as Exhibit A to *Plaintiff's Verified Complaint* ("Bylaws"), Article VIII, Section 8.2.

Plaintiff herself has always been paid by Skunk Studios as a California resident. *Wik Decl.*, ¶10. However, in the latter part of 2006, plaintiff relocated her residence to New York. *Wik Decl.*, ¶7; *Complaint*, ¶¶3, 10. As soon as she moved to New York, plaintiff admits she ceased working for Skunk Studios on a daily basis. *Complaint*, ¶10. Yet, plaintiff continued to receive mail in San Francisco, at least through March 2007. *Wik Decl.*, ¶10. Skunk Studios does not have <u>any</u> offices in New York. *Wik Dec.l*, ¶7. It does not have any employees at all in New York. *Wik Decl.*, ¶7.

On May 16, 2007, plaintiff filed this lawsuit against the Moving Defendants in the Southern District of New York. Plaintiff alleges three causes of action[1] against Moving Defendants: (1) breach of fiduciary duties – dilution; (2) breach of fiduciary duties – failure to

---

[1] None of these three causes of action is based on federal question jurisdiction. *See Complaint*, pg. 1.

follow corporate formalities; and (3) unjust enrichment, related to her status as a minority shareholder of Skunk Studios Inc. Plaintiff's Complaint explicitly alleges violations of California law, and it admits that "the majority of the underlying occurrences leading up to this lawsuit have taken place [in California]". *See Complaint*, ¶¶2, 6, 11, 19, 23, 30, and 31. Skunk Studios' bylaws specify, in several locations, that California law applies. *See Bylaws*.

Plaintiff alleges diversity jurisdiction as a basis for subject matter jurisdiction, and she claims that venue is proper in New York pursuant to 28 USC 1391(b)(2), as "the property that is the subject of the action, namely the Plaintiff's stock certificate in Skunk Studios, is situated here." *Complaint*, ¶5. However, plaintiff does not make any allegations regarding personal jurisdiction in her Verified Complaint.

This matter should be dismissed, or in the alternative, transferred because this court lacks personal jurisdiction and venue is not proper in the Southern District of New York.

### III.  PLAINTIFF CANNOT DEMONSTRATE PERSONAL JURISDICTION OVER ANY OF THE DEFENDANTS

This action should be dismissed pursuant to FRCP 12(b)(2), because this Court does not have personal jurisdiction over these Moving Defendants. Plaintiff bears the burden of demonstrating personal jurisdiction because she is the party who invoked the court's jurisdiction. *Rio Properties Inc. v. Rio Int'l. Interlink* (9th Cir. 2002) 284 F.3d 1007, 1019; *Foster-Miller Inc. v. Babcock & Wilcox Canada* (1st Cir. 1995) 46 F.3d 138, 145; *Gardemal v. Westin Hostel Co.* (5th Cir. 1999) 186 F.3d 588, 592; *Davis v. American Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988).

Personal jurisdiction is based upon: (1) service of process in the forum state (physical presence); (2) domicile; and/or (3) consent. Pennoyer v. Neff (1877) 95 U.S. 714, 722. Personal jurisdiction may also be based on 'minimum contacts' or a state's long-arm statute. None of these bases exist and plaintiff's complaint should be dismissed.

#### 1. Service of Process, Domicile, Consent

A plaintiff may establish personal jurisdiction over the defendants in the forum state if

she serves the defendants with process while they are in the state. *Burnham v. Superior Court* (1990) 495 U.S. 604, 610-11. Here, plaintiff did not serve any of the defendants while they were in New York state. *Wik Decl.*, ¶5.

A court has personal jurisdiction over defendants if they are domiciled in that state. *Milliken v. Meyer* (1940) 311 U.S. 457, 462-63. As declared by Kalle Wik, and admitted by plaintiff, none of the defendants have a domicile in New York. Instead, all defendants are domiciled in California. *Wik Decl.*, ¶5.

Finally, courts can obtain personal jurisdiction if the defendants consent to appear in that jurisdiction. *Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972). Here, none of the defendants consent to be sued in New York. *Wik Decl.*, ¶5.

This court has no personal jurisdiction over these Moving Defendants.

**2. Minimum Contacts/Long Arm Statute**

Absent one of the above traditional bases for personal jurisdiction, due process requires that the defendants have "minimum contacts" with the forum state such that the maintenance of the action does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff's only alleged connection or "minimum contacts" between the Moving Defendants and her home forum of New York is the fact that plaintiff's single stock certificate is currently with her in New York. Plaintiff admits that she is a minority shareholder, and that the stock certificate can only constitute a "minimum" amount of the total shares of stock in the corporation.[2] See Complaint. Plaintiff's taking her stock certificates with her to New York is insufficient to establish minimum contacts.

In *Newhard, Cook & Co. v. Inspired Life Centers Inc.*, 708 F. Supp. 1066 (E.D. Mo. 1989), the plaintiff corporation filed an action in the District Court of Missouri. *Id.* at 1067. The defendant was a California corporation with its principal place of business in California. *Id.* The

---

[2] Plaintiff's complaint incorrectly states that a total of 2,400 shares were issued and that she owned 600 of those shares. This number is incorrect. *See Exhibit B to Plaintiff's Order to Show Cause for A Preliminary Injunction*, on file with the Court; *Wik Decl.*, ¶3.

defendant was not licensed to do business in Missouri, it did not have any employees located in Missouri, nor was it aware of any ownership of property (real or personal) that was located in Missouri. *Id.* As here, the plaintiff's only claim for jurisdiction was that certain stock certificates, which were the subject of a writ of attachment, were located in Missouri. *Id.*

Understandably, the defendant filed a motion to dismiss pursuant to FRCP 12(b)(2) for lack of personal jurisdiction. *Id.* The *Newhard* Court analyzed the facts and determined that plaintiff's own unilateral transfer of the defendant's stock certificates into Missouri (without any action on the part of defendant) did not subject the defendant to personal jurisdiction in Missouri. Id. at 1069. The plaintiff was not allowed to "circumvent the traditional notions of fair play and substantial justice" when the defendants "did not direct or authorize the movement of their stock certificates from California to Missouri." *Id.*

Similarly, the Moving Defendants did not direct or authorize the movement of the corporation's stock certificates to New York. Plaintiff took her certificates with her when she decided to relocate. However, all of the defendants are located or reside and work in the Northern District of California. Furthermore, all of the conduct that plaintiff complains of is alleged to have taken place in California, not New York. This Court does not have personal jurisdiction over the Moving Defendants and this Court therefore must dismiss plaintiff's complaint for want of personal jurisdiction.

## IV. THIS CASE SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(3) FOR IMPROPER VENUE

This case should also be dismissed pursuant to FRCP 12(b)(3), because Plaintiff filed this action in the improper venue. Courts have the authority to dismiss cases filed in the improper venue. *King v. Russell*, 963 F.2d 1301 (9th Cir. 1992)(dismissing the case for improper venue even though defendants only sought a transfer of venue); *St. Clair Intellectual Property Consultants Inc. v. Mirage Systems Inc.*, 419 F.Supp.2d 620 (D. Del. 2006)(dismissal of case under FRCP 12(b)(3) filed in improper venue).

Plaintiff bears the burden of establishing that venue is proper in the district in which the

suit was initiated. *Hope v. Otis Elevator Co.*, 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005); *Airola v. King*, 505 F.Supp. 30, 31 (D. Ariz. 1980); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir 1979); *Bohara v. Backus Hosp. Med. Ben. Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005). The court in a 12(b)(3) motion may consider facts outside the pleadings and need not accept the pleadings as true. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Venue is governed by 28 USC §1391. For diversity subject matter jurisdiction, §1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship <u>may</u>, except as otherwise provided by law, <u>be brought only in</u> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(emphasis added). The test for determining venue is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim. *Cottman Transmission Sys Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

As explained in *Dashman v. Peter Letterese And Associates Inc.*, 999 F. Supp. 553, 554 (S.D.N.Y. 1998), "viewed in the proper historical context, §1391(a), like §1391(b), provides that <u>in a case in which all defendants reside in the same state, venue lies only in that state</u>, and specifically, only in a district within that state in which one of the defendants resides." *Id.* (emphasis added).

It is undisputed that all of the defendants reside in California. *Wik Decl.*, ¶5; *Complaint*, ¶4. It is also undisputed that none of the defendants reside in New York. *Wik Decl.*, ¶5; *Complaint*, ¶4. Skunk Studios was organized under California law, and it has its principal place of business in San Francisco, California.[3] *Wik Decl.*, ¶2. Therefore, venue is improper in New

---

[3] It is also indisputable that Skunk Studios does not have any employees located in New York, and that it does not maintain any property in New York (other than plaintiff's claim of a single stock certificate). *Wik Decl.*, ¶6.

York, because none of the defendants reside in New York.

The *Dashman* Court continued, "If, and only if, defendants do not all reside in the same state, then, and only then, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred." *Dashman, supra,* 999 F. Supp. at 554. Plaintiff has already admitted in her Verified Complaint that "the majority of the underlying occurrences leading up to this lawsuit have taken place [in California]." *See Complaint,* ¶6. Plaintiff simply cannot argue that a substantial part of the events giving rise to her claim took place in New York. In fact, plaintiff cannot even point to a single event that took place in New York. Instead, her pleadings clearly demonstrate that all defendants reside in California, and that all of the events giving rise to her claims (the Moving Defendants allegedly attempting to dilute her shares) took place in California. *See Complaint.* Venue is improper in New York, and this case must be dismissed.

In *St. Clair, supra,* the plaintiff filed a claim related to ownership of patents-in-suit in the District Court of Delaware. However, as in this case, all of the events and omissions related to the ownership dispute arose in the state of California. *St. Clair, supra,* 419 F.Supp.2d at 623. The subject matter of the patents was invented in California, by inventors living in California, who were working for Mirage, a California corporation, under an employment contract governed by California law. *Id.* Although the plaintiff was located in Delaware, there were no events that occurred in Delaware that were relevant to determining ownership. *Id.* Accordingly, the Court dismissed the case for improper venue pursuant to FRCP 12(b)(3).

*St. Clair* is analogous to this case. Here, plaintiff essentially claims an ownership dispute of stock, related to whether other majority shareholders were diluting her ownership interests. The actions in dispute occurred in California, by California residents, related to a California corporation, governed by California law. There are no alleged events that occurred in New York. Venue is improper, and this case should be dismissed accordingly.

### V. ALTERNATIVELY, THIS COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC §1404

In the alternative, the Moving Defendants request that this Court transfer venue to the District Court of the Northern District of California. 28 U.S.C. §1404. Under 28 U.S.C. §1404[4], a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. §1404(a); *Van Dusen v. Barrack,* 376 U.S. 612, 616; *AEC One Stop Group v. CD Listening Bar,* 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004). The purpose of §1404(a) is "to prevent waste of time, energy and money" and "to protect litigants, witness and the public against unnecessary inconvenience and expense." *AEC One Stop, supra,* 326 F. Supp.2d at 528, quoting *Trehern v. OMI Corp.,* 1999 U.S. Dist. LEXIS 919 (S.D.N.Y. 1999).

The decision to transfer venue is in the sound discretion of the district court. *Id.*; *Air-Flo M.G. Co. v. Louis Berkman Co.,* 933 F. Supp. 229, 233 (W.D.N.Y. 1996); *Harrison v. Samuel,* 2006 U.S. Dist. LEXIS 41856 at *8 (S.D.N.Y. June 20, 2006)(explaining the court enjoys "broad discretion" when determining whether to transfer venue and decides based on "notions of convenience and fairness on a case-by-case basis").

In order to transfer a civil action under §1404, the moving party must satisfy two requirements: (1) the transferee court must be able to exercise jurisdiction over the parties and be an appropriate venue; and (2) the balance of convenience and justice must favor the transfer. *Harrison, supra,* 2006 U.S. Distr. 41856 at *7.

Both of these elements are met if this action is transferred to the District Court in the Northern District of California. First, there can be no dispute that the Northern District of California is a proper venue. All defendants reside in California, and all of the relevant acts and/or omissions occurred in California. Second, the balance of convenience and justice favor the action being venued in California.

Relevant factors to determine "balance and convenience" are: (1) deference accorded to

---

[4] The Court could also dismiss or transfer this action to another district pursuant to 28 U.S.C. §1406, which provides: "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

plaintiff's choice of forum; (2) convenience to the witnesses and parties; (3) situs of operative facts; (4) interests of justice and judicial economy; (5) relative ease of access to sources of proof; (6) availability of process to compel unwilling witnesses; (7) relative means of the parties; and (8) forum's familiarity with governing law. *Id.* at *7-8.

However, not all factors merit equal weight. *Id.* at *9. The convenience of witnesses is the most important factor in determining whether to transfer because of the inconvenience of the forum. *Id.* at *10; *Filmline (Cross-Country) Productions Inc. v. United Artists Corp.*, 865 F.2d 513, 590 (2d Cir. 1989); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981); *AEC One Stop Group, supra*, 326 F.Supp.2d at 529 (explaining courts must also consider the materiality, nature and quality of each witness). The location of documents, on the other hand, is "not a compelling consideration when records are easily portable." *KPMG Consulting Inc. v. LSQ II LLC*, 2002 U.S. Dist. LEXIS 12783 at *4 (S.D.N.Y. July 12, 2002). Also, for the purpose of determining the situs of operative facts, a court may make reasonable assumptions regarding the location of events if they are not clearly specified in the complaint. *Alonso v. Saudi Arabian Airlines Corp.*, 1999 U.S. Dist. LEXIS 5826 at *7 (S.D.N.Y. Apr. 23, 1999).

Here, the balance of the factors clearly mandates that this action should proceed in California. First, all of the defendants and pertinent witnesses reside in California. *Wik Decl.*, ¶5. All of the operative facts occurred in California. *Wik Decl.*, ¶9. The operative law is California law. *Bylaws*. Plaintiff herself maintains significant contact with California, and at least through March 2007, she was continuing to receive mail in California. *Wik Decl.*, ¶10. The interests of justice and judicial economy require that the case be litigated in California, so all of the witnesses will not be required to travel numerous times across the country. By contrast, if the action was litigated in California, only the plaintiff would be required to travel, and this may not be significant for her, as she may still maintain a residence in California. Further, holding the litigation in California would allow the Court to have jurisdiction to compel any witnesses (such as Joseph Walters) to appear, which would not be the case if the action was venued in New

York. Finally, as the Courts have made clear, the location of documents is the least important factor to consider. Plaintiff's only claim to proper venue in New York is a single stock certificate. This is not a piece of real property. It can easily be transported to California. It is not a factor in favor of maintaining this action in New York.

The facts of this case are extremely similar to those in *AEC One Stop, supra*. In *AEC*, plaintiff filed its copyright infringement suit in the Southern District of New York. *AEC One Stop, supra*, 326 F.Supp.2d at 526. The two individual defendants were residents of California, and the defendant corporation was a California corporation with its principal place of business in California. *Id.* at 527. Defendants filed a motion to transfer venue to California. *Id.* at 528. Even though the defendant corporation possessed an office in New York, the most important witnesses were found to be the two defendants, who resided in California. *Id.* at 529. Other valuable witnesses were also found to be in California, and the Court held it would be a great inconvenience to have all of these witnesses travel to New York. *Id.* The *AEC* Court also found that the locus of operative facts was in California, that the subpoena power of the California courts would be vital, and that there would no greater efficiency in the courts to hear the action in New York. *Id.* at 531. The Court transferred the action to California.

Here, as in *AEC*, based on a balance of the relevant factors, in the event this Court does not dismiss this action, this case should be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1404.

## VI. CONCLUSION

Based on the above, defendants Skunk Studios Inc., Jason Calderone, Tom Estess, and Kalle Wik respectfully request that this Court dismiss this case.

Dated: June 18, 2007

                                            Respectfully submitted,

By: _/s/ Laurence J. Rabinovich_
        Laurence J. Rabinovich
LAURENCE J. RABINOVICH, ESQ. (LR8616)
PHILIP A. BRAMSON, ESQ. (PB0054)
SCHINDEL FARMAN, LIPSIUS,
  GARDNER & RABINOVICH, L.L.P
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone: (212) 563-1710
Facsimile: (212) 695-6602

and

GREGORY M. FOX, ESQ.
RICHARD W. OSMAN, ESQ.
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
(Admission *Pro Hac Vice* Pending)

Attorneys for Defendants

GREGORY M. FOX, State Bar No. 070876
RICHARD W. OSMAN, State Bar No. 167993
BERTRAND, FOX, & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

Attorneys for Defendants SKUNK STUDIOS, JASON CALDERONE, TOM ESTESS, and KALLE WIK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>SKUNK STUDIOS, INC. JASON CALDERONE, TOM ESTESS, and KALLE WIK,<br><br>Defendants. | 07 – CIV-3899<br><br>**DECLARATION OF KALLE WIK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER [FRCP 12(b)(2) & (3)]**<br><br>Date:<br>Time:<br>Courtroom:<br><br>Honorable Judge Daniels |

I, KALLE WIK, declare:

1. I am a named defendant in the above-captioned matter, and I am the President of Skunk Studios Inc., also a named defendant, and I am a shareholder. I have personal knowledge of the facts and circumstances contained within this declaration and could, if called, competently testify thereto.

2. Skunk Studios Inc. is a California corporation that was organized in California on or around December 30, 2005, with its principal executive office located in San Francisco, California.

3. In its first and only stock issuance, Skunk Studios issued 3,000,000 shares of stock. The stock was issued to Tom Estess, Jason Calderone, Margaret Wallace, Joseph Walters, and myself. Each of the five of us was issued 600,000 shares of Skunk Studios stock in or around January 2006. No other shares of stock were issued for Skunk Studios Inc.

4. Subsequently, Joseph Walters sold all of his shares back to the corporation. Upon information and belief, Joseph Walters resides in California.

5. Since the corporation was formed, I have resided in California at all times. Upon information and belief, Tom Estess and Jason Calderone also have resided in California since the corporation was formed and continue to reside in California. Plaintiff did not serve any of the defendants with summons in New York. None of the defendants have consented to be sued in New York.

6. Upon information and belief, all of Skunk Studios' employees reside in California. Upon information and belief, all of Skunk Studios' documents and property (other than plaintiff's stock certificate) are located in California. Skunk Studios' principal (and only) office is located in California.

7. Upon information and belief, in the latter part of 2006, Plaintiff relocated her residence to New York. Skunk Studios does not have any offices in New York. Skunk Studios does not have any employees who reside in New York.

8. I believe that any and all witnesses, other than plaintiff would reside in California, and it would be a great inconvenience for all parties to have to travel to New York to testify for this case. The important witnesses would be defendants and Joseph Walters. It would interrupt our business transactions, and it would be very costly to travel across the country to defend ourselves in this lawsuit.

9. I believe that all of the operative facts upon which plaintiff has brought this lawsuit were performed in California.

10. At all times relevant, plaintiff Margaret Wallace was paid through Skunk Studios as a

///
///
///

DECLARATION OF KALLE WIK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

1 | California resident. Upon information and belief, Ms. Wallace maintained a residence in San Francisco
2 | throughout 2006 and was receiving mail to this California address through March 2007.

3
4 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
5 | Executed this 15TH day of June, 2007 at 463½ Bryant St. San Francisco California.

7 | KALLE WIK

DECLARATION OF KALLE WIK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------

MARGARET WALLACE,

                Plaintiff,

vs.

SKUNK STUDIOS, INC., JASON CALDERONE,
TOM ESTESS, and KALLE WIK,

                Defendant.

--------------------------------------

Civil Action No. 07-CIV03899

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE (FRCP 12(b)(2) and (3))**

    THIS MATTER having been opened to the Court upon the motion of defendants Skunk Studios, Inc., Jason Calderone, Tom Estess, and Kalle Wik, for an Order dismissing this matter for lack of personal jurisdiction and improper venue, and the Court having considered the submissions of the parties and the arguments of counsel, and for good cause shown,

    IT IS on this _____ day of _____, 2007,

    ORDERED that the above-entitled matter is Dismissed pursuant to FRCP 12(b)(2) and (3) for lack of personal jurisdiction over defendants and for improper venue; and it is further,

    ORDERED that counsel for defendants shall serve a copy of this Order on all counsel of record within _____ days of receipt from the Court.

                                                    _____
                                                            United States District Judge

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On June 18, 2007, I served the within Notice of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, To Transfer Venue (FRCP 12 (b)(2) and (3) upon the person(s) or parties designated below by faxing a true and complete copy of same and mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State at the last known address of the addressee(s) as set forth herein.

TO:   Gary Adelman
      Barton, Barton & Plotkin, LLP
      420 Lexington Avenue, Suite 1830
      New York, NY 10170

                                             _____
                                                      Latoya Peterson

Sworn to before me this
18th day of June, 2007

_____
          Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2007