Gary Adelman (GA7138)
BARTON, BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, NY 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARGARET WALLACE,                                    Civil Case No.: 07-Civ.-3899

                              Plaintiff,             Judge: Daniels

       -against-                                     Magistrate: Pitman

SKUNK STUDIOS, INC., JASON CALDERONE,                **AFFIRMATION**
TOM ESTESS, and KALLE WIK,                           **IN OPPOSITION**


                              Defendant(s).
-------------------------------------------------------------X

   Gary Adelman, an attorney duly admitted to practice law in the state of New York affirms the following under penalty of perjury:

   1.   I am an attorney at the law firm Barton, Barton & Plotkin, LLP, attorneys for the Plaintiff in the above captioned action, and as such, I am fully familiar with all of the facts and circumstances hereinafter set forth below based on conversations had with the Plaintiff's representatives and witnesses and a review of the Plaintiff's file.

   2.   I submit this Affirmation in Opposition to Defendants' Motion to Dismiss for lack of jurisdiction and improper venue or in the alternative transfer venue.

   3.   The facts of this matter are laid out in the Affidavit of Margaret Wallace ("Wallace Affidavit") annexed hereto.

## PROCEDURAL HISTORY

4. This is an action brought by plaintiff MARGARET WALLACE ("Plaintiff" or WALLACE"), a minority shareholder of defendant SKUNK STUDIOS, INC., a California corporation ("SKUNK STUDIOS"), on or about May 18, 2007, against defendants SKUNK STUDIOS, JASON CALDERONE ("CALDERONE"), TOM ESTESS ("ESTESS"), and KALLE WIK, ("WIK") (collectively "Defendants") for unlawful dilution of Plaintiff's ownership interest in SKUNK STUDIOS. (Please see Summons and Complaint annexed hereto as Exhibit "A.")

5. Simultaneously with the filing of the Summons and Complaint, Plaintiff brought an Order to Show Cause seeking a Preliminary Injunction and Temporary Restraining Order to enjoin Defendants from engaging is such dilution by way of issuance of certain stock options. (Please see Order to Show Cause together with supporting documents, annexed hereto as Exhibit "B.")

6. A conference was held on June 22, 2007 in front of Judge Daniels, who granted Plaintiff's temporary restraining order, enjoining the Defendants from issuing any new ownership interest in SKUNK STUDIOS while this lawsuit is pending.

7. Instead of opposing Plaintiff's Order to Show Cause, Defendants moved the Court to dismiss Plaintiff's Summons and Complaint or in the alternative change venue to the Northern District Court of California. This Opposition is in response to that Motion.

## STANDARD OF REVIEW

8. Questions relating to a court's personal jurisdiction over a defendant are "to be determined by reference to the law of the state where the district court sits." Fed. R. Civ. P. 4(d)(7) and 4(e); <u>Bialek v. Racal-Milgo, Inc.</u>, 545 F. Supp. 25, 30 (S.D.N.Y. 1982). In New

York, a motion to dismiss complaint for lack of personal jurisdiction will not be granted where plaintiff's allegation make out prima facie case for jurisdiction. Bialek v. Racal-Milgo, Inc., 545 F. Supp. 25 (S.D.N.Y. 1982).

9.  In fact, virtually all district courts, in ruling upon a motion to dismiss a complaint for lack of personal jurisdiction, will take plaintiff's allegations as true, unless conclusively rebutted. See, e.g., Midland Forge, Inc. v Letts Industries, Inc., 395 F. Supp. 506, 510 (N.D. Iowa 1975); United States Dental Institute v. American Asso. of Orthodontists, 396 F. Supp. 565, 572 (D. Ill. 1975); Boston Super Tools, Inc. v. RW Technologies, Inc., 467 F. Supp. 558, 560 (D. Mass. 1979) (plaintiff's affidavits taken as true); Leu v. Leu, 481 F. Supp. 899, 901 (D. Pa. 1979) (plaintiff's allegations set forth in complaint are taken as true).

## ARGUMENT

### I. This Court has personal jurisdiction over the Defendants by virtue of their systematic and continuous business contacts with New York State, and as such, Defendants' Motion to Dismiss should be denied.

10.  Defendants have a definite and strong connection to New York State since they carry out a relatively large amount of business in New York, and therefore expected or should have expected to have legal consequences in New York.

11.  Defendants correctly contend that due process requires that Defendants have "minimum contacts" with the forum state. However, this standard does not necessarily require that these contacts be related to the underlying controversy. To the contrary, when a non-resident defendant cannot be found and served within the forum, and when the cause of action arises outside of the forum, exercise of personal jurisdiction over that defendant is nonetheless proper where defendant has contacts with the forum state which are "systematic and continuous." See, Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952) (holding that the Court

has personal jurisdiction over an out-of-state defendant in an action involving out-of-state activities since it conducted business in the forum state).

12.     Defendants have engaged in and continue to engage in business with ***numerous New York companies***, with which they have ***contractual*** relationships, including but not limited to Oberon Media, Inc. (a major client of SKUNK STUDIOS), Game Trust, Inc., Boonty, Inc., Viacom Inc., and AudioBrain LLC. See, Wallace Affidavit ¶ 4.

13.     Additionally, Defendants have also negotiated with several New York entities in regards to possible business dealings with SKUNK STUDIOS, such as for example, EyeBlaster, Inc. and Nickelodeon, Inc. See, Wallace Affidavit ¶ 5. (Please see Entity Information printouts from the NYS Department of State Division of Corporations for each of the above companies, annexed hereto as Exhibit "C.")

14.     Furthermore, SKUNK STUDIOS has an extensive New York customer base and has received orders and/or downloads from a mass of New York residents. In fact, approximately ***one eighth (1/8) of the SKUNK STUDIOS worldwide user base lives in New York.*** See, Wallace Affidavit ¶ 6.

15.     As such, Defendants have sufficient independent contacts with New York State through business activities they have engaged in and continue to engage in with New York corporations and consumers.

16.     ***Defendants derive revenue from New York*** and from interstate commerce in general, and therefore have effectively availed themselves of jurisdiction in New York Courts.

<u>II. Aside from business activities with New York companies, this lawsuit revolves around property which Defendants knew was located in New York and belonged to a New York resident, therefore Defendants should be prohibited from asserting lack of connection to the forum.</u>

17.  When Defendants decided to unilaterally and unlawfully dilute Plaintiff's (and only Plaintiff's) interest in SKUNK STUDIOS, they were fully aware that Plaintiff was a New York resident and that her stock certificates, which are the subject of the present controversy, were located here in New York. In fact, as Plaintiff's Complaint shows, Defendants even mailed a correspondence ***to New York***, addressed to Plaintiff, stating that they have issued "new stock options…which would have had the direct effect of substantially diluting [Plaintiff's] interest down."

18.  As such, Defendants, by engaging in unlawful dilution ***<u>purposefully directed conduct at a New York resident and her New York property, and therefore should have expected to be haled into a New York Court</u>***. As such, they cannot now suggest that they do not have a sufficient connection to this state, as such as result would be patently unfair.

19.  It must be noted that New York State has a strong public policy of protecting its residents, such as the Plaintiff, therefore New York Courts will seldom transfer cases to another state, merely because Defendants engaged in wrongful behavior there directed at and injuring a New York resident. <u>See, e.g.</u>, NY CPLR § 302 (New York's long-arm statute permits a New York Court to exercise personal jurisdiction over any non-domiciliary who commits a tort outside of New York which causes injury to a New Yorker or her property.)

20.  Furthermore, Defendants place much emphasis on convenience of witnesses, while in fact, the key witness in this case, Plaintiff's business partner Nicholas Fortugno, whose testimony will be absolutely necessary, is ***also a New York resident***.

5

21. Finally, Plaintiff already conceded that the conflict is governed by California law, thus the harm to Defendants is minimal.

22. In sum, Defendants not only have sufficient independent business contacts in New York, but have also ***knowingly aimed their diluting activity at a New York resident and her New York property***. As such, and given NY's public policy in protecting New Yorkers, this is a proper forum to litigate this action.

23. Due to the foregoing, New York has personal jurisdiction over Defendants and is the most convenient forum since the key witness is also a New York domiciliary. Therefore, Defendants' Motion to Dismiss must be denied in it entirety.

III. Venue in New York's Southern District is proper and specifically provided for under 28 U.S.C. § 1391(a)(2) since a substantial part of property that is the subject of the action, namely Plaintiff's stock certificates, are situated here.

24. 28 U.S.C. § 1391(a)(2) states that a "civil action wherein jurisdiction is founded only on diversity of citizenship may...be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ***or a substantial part of property that is the subject of the action is situated***." (emphasis added)

25. Defendants in their Motion to Dismiss place much emphasis on the former part of this rule and argue that since they engaged in dilution in the state of California, they are somehow entitled to have this case transferred there.

26. However, to the contrary, Defendants completely ignore the essential provision of the statute which actually permits litigation to commence in the district where the property at issue is located, here the Plaintiff's stock records which Defendants are purposefully diluting.

27. Defendants chiefly rely upon Newhard, Cook & Co. v. Inspired Life Centers Inc., 708 F. Supp 1066 (E.D. Mo. 1989), a Missouri case addressing the Missouri long-arm statute,

6

therefore ultimately improper authority. Moreover, unlike SKUNK STUDIOS, the defendant company in Newhard *did not **know** of the transference of stock certificates to the forum state.* Here, Defendants were fully aware that Plaintiff had moved to New York, taking her ownership interest in SKUNK STUDIOS with her, prior to purposefully diluting her stock. This is confirmed by Defendants' letter detailing their plan to dilute Plaintiff, which was mailed to New York.

28.    Consequently, because Defendants engage in business in New York from which they derive substantial revenue and because they purposefully directed diluting tactics at a New York resident and her New York property, New York Courts may exercise personal jurisdiction over Defendants and venue in the district where the stock being diluted is located is completely proper.

WHEREFORE, Plaintiff respectfully seeks that Defendants' Motion to Dismiss for lack of jurisdiction and improper venue or in the alternative transfer venue be denied in its entirety.

Dated: New York, New York
       June ___, 2007

        Respectfully submitted,

        BARTON, BARTON & PLOTKIN, LLP

        By: /s/ Gary Adelman

        GARY ADELMAN, ESQ.
        (GA7138)
        *Attorneys for the Plaintiff*
        420 Lexington Avenue, Suite 1830
        New York, New York 10170
        Phone: (212) 687-6262
        Fax:   (212) 687-3667

To:
Lawrence J. Rabinovich & Philip A. Bramson
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
*Attorneys pro hac vice for Defendants*
14 Penn Plaza, Suite 500
New York, NY 10122

Gregory M. Fox & Richard W. Osman
Bertrand, Fox & Elliot
*Attorneys for Defendants*
2749 Hyde St.
San Francisco, CA 94109