**EXHIBIT "B"**

Affirmation in Emergency
Of Gary Adelman

Gary Adelman (GA7138)
BARTON, BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, NY 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARGARET WALLACE,                                              07 Civ. _____

                                      Plaintiff,           Judge:

                            -against-                  Magistrate:

SKUNK STUDIOS, INC., JASON CALDERONE,           **AFFIRMATION IN**
TOM ESTESS, and KALLE WIK,                                   **EMERGENCY OF GARY**
                                                        **ADELMAN**

                                    Defendant(s).
----------------------------------------------------------------X

       Gary Adelman, an attorney duly admitted to practice law in the state of New York affirms the following under penalty of perjury:

       1.       I am an attorney at the law firm Barton, Barton & Plotkin, LLP, attorneys for the Plaintiff in the above captioned action, and as such, I am fully familiar with all of the facts and circumstances hereinafter set forth below based on conversations had with the Plaintiff's representatives and the Plaintiff's witnesses and a review of the Plaintiff's file.

       2.       I submit this Affirmation of Emergency in support of the instant motion.

       3.       I respectfully request that the instant application be expeditiously reviewed, otherwise the Plaintiff, a minority shareholder of Skunk Studios, Inc. (hereinafter "Plaintiff") will sustain great and irreparable injury due to the Defendants' undertaking to knowingly and purposefully dilute her interest in Skunk Studios, Inc. (hereinafter "Skunk Studios").

4. The factual background of this matter has been laid out in the Affidavit of Margaret Wallace attached hereto (hereinafter "Wallace Affidavit").

5. A true and correct copy of the Plaintiff's Summons and Verified Complaint in the above entitled action is attached hereto as Exhibit "A."

6. A true and correct copy of the Plaintiff's Stock Certificate is attached hereto as Exhibit "B."

7. A true and correct copy of an Action by Unanimous Written Consent of the Board of Directors, appointing the Plaintiff as a director and CEO of Skunk Studios is attached hereto as Exhibit "C."

8. A true and correct copy of the Plaintiff's letter to Skunk Studios, dated February 1, 2007, resigning from her position as the Skunk Studios CEO is attached hereto as Exhibit D."

9. True and correct copies of e-mail correspondences discussing several business arrangements organized by the Plaintiff on behalf of Skunk Studios after her official exit from the company are attached hereto as Exhibit "E."

10. A true and correct copy of a letter from the Defendants to the Plaintiff dated April 24, 2007 is attached hereto as Exhibit "F."

11. A true and correct printout of the New York Department of State's Division of Corporations containing Entity Information on Rebel Monkey is attached hereto as Exhibit "G."

12. A true and correct copy of the Plaintiff's response letter dated May 4, 2007 is attached hereto as Exhibit "H."

13. A true and correct copy of the By-Laws of Skunk Studios is attached hereto as Exhibit "I."

## Order to Show Cause

14. Rule 65 of the Federal Rules of Civil Procedure states the grounds under which an injunction with a temporary restraining order may be granted without notice to the opposing parties. Namely, the Rule states:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney...if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing ...the reasons supporting the claim that notice should not be required."

Fed. R. Civ. P. 65(b).

## Statement of the Case

15. Plaintiff is a shareholder of Skunk Studios and was its Chief Executive Officer until about February 1, 2007. A true and correct copy of the Plaintiff's Stock Certificate is attached hereto as Exhibit "B." A true and correct copy of an Action by Unanimous Written Consent of the Board of Directors, appointing the Plaintiff as a director and CEO of Skunk Studios is attached hereto as Exhibit "C." A true and correct copy of the Plaintiff's letter to Skunk Studios, dated February 1, 2007, resigning from her position as the Skunk Studios CEO is attached hereto as Exhibit D."

16. Skunk Studios is a California-based company in the business of developing single-player casual online video games. (*See* the company's website @ http://games.skunkstudios.com/.)

17. At the time the Plaintiff joined Skunk Studios, she brought numerous contacts with her, who are affiliated with major corporate players in the gaming industry, and as a result, Skunk Studios signed several profitable business contracts with these companies. (Wallace Affidavit ¶ 4.)

18. Such companies include: Atom Entertainment, Inc. (shockwave.com), RealNetworks, Inc., Mattel, Inc., Ubisoft, Inc., Viacom International, Inc., Microsoft Corporation, Warner Bros. Entertainment, Inc., and the Walt Disney Company. (Wallace Affidavit ¶ 4.)

19. In fact, one of the first contracts ever signed by Skunk Studios was a sixty-thousand dollar ($60,000.00) deal with one of the Plaintiff's contact at Mattel, Inc. (Wallace Affidavit ¶ 5.)

20. Plaintiff relocated from California to New York and upon her relocation to New York, Plaintiff stopped working at Skunk Studios on a daily basis in her capacity as a CEO. A true and correct copy of the Plaintiff's resignation letter is attached hereto as Exhibit "D."

21. Plaintiff however remained active in her efforts to provide Skunk Studios continuing help to obtain lucrative gaming contracts. True and correct copies of e-mail correspondences discussing several business arrangements organized by the Plaintiff on behalf of Skunk Studios after her official exit from the company are attached hereto as Exhibit "E."

22. Plaintiff received a letter dated April 24, 2007 from Skunk Studios, which shockingly stated that the Defendants have taken it upon themselves to issue "new stock options to the remaining shareholders…which would have…the direct effect of substantially diluting [only the Plaintiff's] interest." A true and correct copy of the April 24, 2007 letter is attached hereto as Exhibit "F."

23. Defendants are only diluting the Plaintiff's shares, not those of the remaining shareholders, namely their own. However, as supported more fully in the enclosed Memorandum of Law, the Defendants have absolutely no right or justification to engage in said dilution. In fact, unjustified knowing and purposeful dilution of a minority shareholder's interest by controlling shareholders is a breach of fiduciary obligations. (*See* Memorandum of Law at Points I and II.)

24. Additionally, in the letter, in an effort to couch their unlawful dilution, the Defendants accused the Plaintiff, without justification or proof, of breaching her fiduciary duties to the company and seizing the company's corporate opportunity by virtue of the Plaintiff's creation of a new and entirely unrelated company called Rebel Monkey, LLC (hereinafter "Rebel Monkey"). A true and correct copy of the April 24, 2007 letter is attached hereto as Exhibit "F." A true and correct printout of the New York Department of State's Division of Corporations containing Entity Information on Rebel Monkey is attached hereto as Exhibit "G."

25. Throughout the time that the formation of Rebel Monkey was underway and as late as February 2007, Plaintiff proved her dedication to Skunk Studios, a company she helped develop, by entering into several lucrative deals on behalf of Skunk Studios. True and correct copies of e-mail correspondences discussing numerous business arrangements organized by the Plaintiff on behalf of Skunk Studios after her official exit from the company are attached hereto as Exhibit "E."

26. For example, on or about August 29, 2006, the Plaintiff, on behalf of Skunk Studios, signed a five-hundred thousand dollar ($500,000.00) deal with RealNewtoks, Inc. (Wallace Affidavit ¶ 16.)

27. In addition, on or about January 23, 2007, which is after Rebel Monkey was formed, the Plaintiff arranged for the Skunk Studios logo to appear on approximately four-thousand (4,000) invitations to the entire causal game industry as a sponsor of a large industry party hosted by the internationally-renown Casual Games Association. (Wallace Affidavit ¶ 17.)

28. Plaintiff actually continued sending business to Skunk Studios until as late as February 2007. (Wallace Affidavit ¶ 18.) Thus, it surely cannot be maintained that the Plaintiff was keeping all the contacts for Rebel Monkey.

29. On May 4, 2007, the Plaintiff, by her attorneys, responded to the Defendants, asking them to substantiate their allegations against her. The letter informed the Defendants that purposefully diluting a minority shareholder's interest in a close corporation is a violation of California law. In addition, Plaintiff asked to resolve this matter amicably and in good faith, suggesting that the parties engage in meaningful dialogue as opposed to immediately petitioning the Court to intervene. A true and correct copy of the May 4, 2007 letter is attached hereto as Exhibit "H."

30. To this date, there has been no response on the part of the Defendant's to the Plaintiff's May 4, 2007 letter. As such, there exists a real urgency, as the Defendants are currently unlawfully diluting the Plaintiff's interest in Skunk Studios, thereby freezing her out of the company.

31. Due to the foregoing, Defendants should be enjoined and restrained from engaging in any actions regarding the Skunk Studios stock until this Court issues a final determination in regards to the parties' rights.

32. Bringing the instant motion on notice is therefore inappropriate, as doing so would likely lead Defendants to merely speed up their unlawful dilution of the Plaintiff's shares.

### Likelihood of Success on the Merits

33. As more fully supported in the enclosed Memorandum of Law, the Defendants directors and controlling shareholders of Skunk Studios have certain fiduciary duties to the company and its fellow shareholders, including the Plaintiff. (*See* Memorandum of Law at Points I and II.)

34. These fiduciary obligations of good faith and fair dealings certainly prohibit the Defendants from impulsively diluting the Plaintiff's and only the Plaintiff's interest in Skunk Studios, without any formal procedures, and in order to unjustly enrich themselves at the expense of the Plaintiff by freezing her out of the company.

35. Because the Defendants themselves concede that they are "diluting [only the Plaintiff's] interest" in order to "reward" the remaining shareholders (*see* Exhibit "F") and because doing so is in direct contravention of the Defendants' fiduciary obligations, (*see* Memorandum of Law at Points I & II), the Plaintiff is likely to succeed on the merits in the instant action.

### Irreparable Injury

36. It is clear that if an injunction is not ordered preventing the Defendant from diluting the Plaintiff's stock, the Plaintiff will be irreparably injured and damaged.

37. Dilution of the Plaintiff's (and only her) stock will mean that the Plaintiff will own a "substantially" smaller share of Skunk Studios, (*see* Exhibit "F"), a company which she helped develop, and will essentially be frozen out of company decisions and related benefits.

38. Because Skunk Studios is a close corporation and its shares are not publicly traded, after being squeezed out, the Plaintiff will be unable to purchase more shares in order to return to her previous 20% ownership position.

<u>Balancing of the Equities</u>

39. As stated above, absent an injunction, the harm to the Plaintiff is relatively serious. Plaintiff will essentially lose a portion of her interest in a company, which she will be unable to retrieve thereafter.

40. Harm to the Defendants however will be minimal or even non-existent. Defendants have no right or justification to dilute the Plaintiff by issuing additional Company stock so hastily, and after an injunction is ordered, they will merely be required to maintain the status quo in regards to the Skunk Studios stock until the pending litigation concludes.

41. In sum, the Defendants face no burden financially or otherwise as a result of the injunction.

<u>Immediate and Irreparable Injury</u>

42. Plaintiff's harm is immediate. The Defendants' April 24, 2007 letter threatens that the Defendants have singled the Plaintiff out and have already began its undertaking to dilute her interest in Skunk Studios. (*See* Exhibit "F.") Moreover, the Defendants failed to respond to the Plaintiff's May 4, 2007 letter (attached hereto as Exhibit "H") asking the Defendants to cease taking such action.

43. As such, the Plaintiff, at any minute, may be frozen out of Skunk Studios and lose a significant portion of her interest therein, along with the voting power which goes hand in hand with stock ownership, with no justification on the part of the Defendant whatsoever, aside from their desire to "reward" themselves.

<u>Conclusion</u>

44. Due to the foregoing, it is clear that the Plaintiff is and will suffer immediate and irreparable injury in the absence of injunctive relief, and loss or damage will result unless the

Defendant is enjoined and restricted from buying, selling, conveying, assigning, reassigning, transmitting, transferring, pledging or issuing any stock in Skunk Studios, Inc. during the pendency of this action and until the hearing of Plaintiff's application for preliminary injunction and determination of this motion.

Dated: New York, New York
       May 16, 2007

                                    Respectfully submitted,

                                    BARTON, BARTON & PLOTKIN, LLP
                                    By: _____

                                    GARY ADELMAN, ESQ.
                                    (GA7138)
                                    *Attorneys for the Plaintiff*,
                                    420 Lexington Avenue, Suite 1830
                                    New York, New York 10170
                                    Phone: (212) 687-6262
                                    Fax:   (212) 687-3667