**EXHIBIT "B"**

Memorandum of Law in Support of the
Plaintiff's Order to Show Cause

Gary Adelman (GA7138)
BARTON, BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, NY 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARGARET WALLACE,                                    07 Civ. _____

                              Plaintiff,       Judge:

               -against-                            Magistrate:

JASON CALDERONE, TOM ESTESS, and
KALLE WIK,

                             Defendant(s).
---------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT
# OF THE PLAINTIFF'S ORDER TO SHOW CAUSE

PRELIMINARY STATEMENT

The factual background of this matter has been laid out in the Affidavit of Margaret Wallace, Affirmation in Emergency of Gary Adelman, and all exhibits attached hereto.

**POINT I** – DEFENDANTS CALDERONE, ESTESS, AND WIK BREACHED THEIR FIDUCIARY OBLIGATIONS AS CONTROLLING SHAREHOLDERS TO TREAT THE PLAINTIFF FAIRLY AND IN A MANNER THAT BENEFITS ALL SHAREHOLDERS PROPORTIONATELY WHEN THEY PURPOSEFULLY UNDERTOOK TO DILUTE ONLY THE PLAINTIFF'S INTEREST IN THE COMPANY.

Under California law,

> "majority shareholders, either singly or acting in concert to accomplish a joint purpose, have a **fiduciary** responsibility to the minority and to the corporation to use their ability to control the corporation in a fair, just, and equitable manner. Majority shareholders may not use their power to control corporate activities to benefit themselves alone or in a manner detrimental to the minority. Any use to which they put the corporation or their power to control the corporation must benefit all shareholders **proportionately** and must not conflict with the proper conduct of the corporation's business."

*Jones v. H. F. Ahmanson & Co. et al.*, 1 Cal. 3d 93, 108 (Cal. 1969) (citing *Brown v. Halbert*, 271 Cal.App.2d 252; *Burt v. Irvine Co.*, 237 Cal.App.2d 828; *Efron v. Kalmanovitz*, 226 Cal.App.2d 546; *Remillard Brick Co. v. Remillard-Dandini Co.*, 109 Cal.App.2d 405) (emphasis added). *See also, Stephenson v. Drever et al.*, 16 Cal. 4th 1167, 1178 (1997) (same).

A dominant or controlling shareholder is a fiduciary and is in a position of trust, both to the company and to the remaining shareholders, and as such is "subject to **rigorous scrutiny**." *Jones*, 1 Cal. 3d at 108 (emphasis added). *See also, Stephenson*, 16 Cal. 4th at 1178-79 (stating that *Jones* affirmed the "strong public interest in assuring that…majority shareholders…are faithful to their fiduciary obligations to minority shareholders") (quoting *Steinberg v. Amplica, Inc.*, 42 Cal. 3d 1198, 1210 (1986)). Therefore, where the controlling or majority stockholders'

2

conduct is being challenged, "the burden is on [that] stockholder not only to prove the good faith of the transaction but also to show its inherent fairness…" *Jones*, 1 Cal. 3d. at 108. This is "the comprehensive rule of good faith and inherent fairness to the minority shareholders." *Id.* At 112.

A controlling shareholder or group of shareholders acting in concert is one which holds a "controlling interest" in the company or "[s]ufficient ownership of stock in a company to control policy and management…such as greater-than-50%..." Black's Law Dictionary (7th ed.) at 816. A minority, on the other hand, is [a] group having fewer than a controlling number of votes. *Id.* at 1011.

The Defendants Calderone, Estess, and Wik jointly hold a controlling interest in Skunk Studios and therefore are controlling or majority shareholders. The Plaintiff currently holds twenty percent (20%) interest or less in Skunk Studios and is currently being "substantially diluted," (*see* Exhibit "F"), therefore holds fewer than a controlling number of votes, and is thus a minority shareholder. As such, Defendants owe the Plaintiff the duty of good faith and inherent fairness and further have the burden of proving that the transaction at issue, namely the issuance of "new stock options" pursuant to the Defendants' April 24, 2007 letter, (*see* Exhibit "F"), benefits the Plaintiff and the remaining shareholders of Skunk Studios proportionally.

To the contrary however, the Defendants' dilution of the Plaintiff would benefit only the Defendants at the direct expense and detriment of the Plaintiff alone, and therefore is inherently **unfair.** The April 24, 2007 letter actually states that the Defendants' motive for the dilution is to "reward" themselves. (Exhibit "F.") Therefore, the Defendants are essentially taking a portion of the Plaintiff's interest in Skunk Studios away from her and re-distributing it to themselves. This is clearly a one-sided transaction.

3

Since the Defendants plainly cannot meet their burden of proving that diluting only minority shareholder without justification is fair, they are in breach of their fiduciary obligations as controlling shareholders under California law. Due to the Defendants' breach of fiduciary duty, this Court should immediately enjoin the Defendants from exercising their self-professed rights to purchase stock under those illegitimate and unfair options and temporarily prohibit them and the company from dealing with the Skunk Studios stock until the Plaintiff gets her fair day in Court.

**POINT II** – <u>DEFENDANTS HAVE ABUSED THEIR POWER TO CONTROL THE COMPANY BY SEEKING TO DILUTE THE PLAINTIFF'S SHARES SOLELY TO "REWARD" THEMSELVES AT THE EXPENSE OF THE PLAINTIFF ALONE AND FREEZE THE PLAINTIFF OUT OF THE COMPANY</u>.

Although the majority has the right to control the corporation, they may not "use their power to benefit themselves alone or in a manner detrimental to the minority." *Stephenson v. Drever et al.*, 16 Cal. 4th 1167, 1178 (1997) (quoting *Jones v. Ahmanson & Co. et al.*, 1 Cal. 3d 93, 108 (1969)). Namely, they cannot exercise their power, held by virtue of their position as the controlling shareholders, to enrich themselves or "gain an advantage in the ...use of their controlling block of shares. *Stephenson*, 16 Cal 4th at 1178 (quoting *Jones*, 1 cal. 3d at 110).

In the present case, the facts establish that the Defendants, acting in concert, are using their controlling block of shares to freeze out the Plaintiff, who is already a minority shareholder. Even if the Defendants complied with the Sunk Studios By-laws (Exhibit "I") and followed all the necessary corporate procedures prior to announcing the issuance of the "new stock options" in their April 24, 2007 letter (Exhibit "F"), Plaintiff would have simply been outvoted.

Because the primary motive of the Defendants is to use their power in order to "reward" themselves, as their letter plainly puts it (*see* Exhibit "F"), and to purposefully and without right diminish solely the Plaintiff's interest and therefore her voting power in Skunk Studios, they

4

must be enjoined from handling, managing, and using the company stock immediately, until the Plaintiff's claims are fully and fairly litigated. Defendants plainly should be stopped from unjustly enriching themselves at the expense of the Plaintiff, since under California law, the Plaintiff deserves to be treated fairly, justly, and evenhandedly in regards to her stock ownership.

**POINT III** – <u>DEFENDANTS VIOLATED THEIR DUTY OF COMPLETE CANDOR BY IMPULSIVELY DECIDING TO ISSUE NEW STOCK OPTIONS WITHOUT DISCLOSING ANYTHING TO THE PLAINTIFF BEFOREHAND AND BY FAILING TO COMPLY WITH THE NECESSARY CORPORATE FORMALITIES.</u>

> "[A] breach of fiduciary duty constitutes a 'willful injury to the ... property of another' under [the California] Civil Code section 1668... Furthermore, the buying and selling of corporate stock are transactions which affect a public interest. Such transactions are heavily regulated and, in cases such as this involving the buyout of minority shareholders in a private close corporation, the controlling shareholders possess a decisive advantage of bargaining strength."

*Neubauer v. Goldfarb*, 108 Cal. App. 4th 47, 56 (Cal. Ct. App. 2003) (quoting Cal. Civ. Code § 1668). Due to the foregoing, the "majority shareholders owe a fiduciary duty to minority shareholders which requires complete candor in disclosing fully all of the facts and circumstances surrounding a transaction involving the minority." *Neubauer*, 108 Cal. App. 4th at 62. (quoting *Lynch v. Vickers Energy Corp.*, 383 A.2d 278, 279 (Del. 1977) (internal quotations omitted).

The instant Defendants impulsively and rashly decided to cut only the Plaintiff's interest in Skunk Studios, without including the Plaintiff on any of the formal discussions, as the Plaintiff would have obviously pursued immediate action to vindicate her rights. The Defendants also failed to follow the formal procedures laid out in the company By-laws regarding new issuances of stock, such as holding a company meeting and a vote on the transaction. (*See* Exhibit "I.") As

5

such, the Defendants have breached not only their fiduciary duties with respect to the underlying transaction, but also their duty to be forthright and candid with the Plaintiff shareholder.

Under the law, Defendants' breach of fiduciary duties they owe to the Plaintiff as controlling shareholders and directors of Skunk Studios constitute a willful injury to the Plaintiff's property, namely her interest in Skunk Studios. As the Affidavit of Margaret Wallace reveals, the Plaintiff has contributed great efforts and hard work to developing and making Skunk Studios a profitable enterprise it is today. As such, this Court should not allow the Defendants to simply dilute down her interest in Skunk Studios, as their letter unmistakably states they are currently doing.

## CONCLUSION

Due to the foregoing, the Plaintiff's request for an injunction and temporary restraining order should be granted in all respects.

Dated: New York, New York
May 16, 2007

Respectfully submitted,

BARTON, BARTON & PLOTKIN, LLP

By: _____

GARY ADELMAN, ESQ.
(GA7138)
*Attorneys for the Plaintiff,*
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: (212) 687-6262
Fax:   (212) 687-3667