Philip Bramson
Laurence Rabinovich
SCHINDEL, FARMAN & LIPSIUS LLP
14 Penn Plaza, Suite 500
New York, New York 10122
Tel:    212-563-1710

Richard Osman
BERTRAND, FOX, & ELLIOT
2749 Hyde Street
San Francisco, California 94109
Tel:    415-353-0999
Fax:    415-353-0990
Admitted *Pro Hac Vice*

Attorneys for Defendants Skunk Studios Inc.,
Jason Calderone, Tom Estess, and Kalle Wik

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Margaret Wallace, | 07-CIV03899 |
| Plaintiff, | **Oral Argument Requested** (This Memorandum is being filed electronically in compliance with S.D.N.Y. Local Rule 8a) |
| | Judge George B. Daniels |
| -against- | Defendants' Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue, or in the Alternative To Transfer Venue |
| Skunk Studios, Inc., Jason Calderone, Tom Estess, and Kalle Wik, | |
| Defendants. | |

_____

**TABLE OF CONTENTS**

I.  ADDITIONAL FACTS ……………………………………………………1

II. PLAINTIFF CANNOT DEMONSTRATE ANY BASIS FOR PERSONAL
    JURISDICTION OVER ANY OF THE
    DEFENDANTS……………………………………………………………….3

   A. Plaintiffs Cannot Show This Court Has Personal Jurisdiction
      Over the Individual Defendants Wik, Calderone or
      Estess................……………………………………………3

   B. Plaintiff Cannot Show This Court Has Personal Jurisdiction Over
      Skunk Studios…………………………………………………...3

      1. Skunk Studios Does Not "Transact Business" in New
         York……………………………………………………4

      2. This Dispute Does Not "Arise Out of" Business Transacted
         in New York………………………………………………….6

III. THIS CASE SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(3)
     FOR IMPROPER VENUE……………………………………………………7

IV. ALTERNATIVELY, THIS COURT SHOULD TRANSFER VENUIE TO
    THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC §
    1404……………………………………………………………………...8

V.  CONCLUSION……………………………………………………………10

# TABLE OF AUTHORITIES

**Federal Cases**

*AEC One Stop Group v. CD Listening Bar*
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) .................................................................. 8, 9

*Airola v. King*
   505 F.Supp. 30 (D. Ariz. 1980) ................................................................................ 7

*Bohara v. Backus Hosp. Med. Ben. Plan*
   390 F. Supp. 2d 957 (C.D. Cal. 2005) ..................................................................... 8

*CutCo Indus. Inc. v. Naughton*
   806 F.2d 361 (2d Cir. 1986) .................................................................................... 4

*Davis v. American Family Mut. Ins.Co.*
   861 F.2d 1159 (9th Cir. 1988) ................................................................................. 7

*Filmline (Cross-Country) Productions Inc. v. United Artists Corp.*
   865 F.2d 513 (2d Cir. 1989) .................................................................................... 9

*Foster-Miller Inc. v. Babcock & Wilcox Canada*
   46 F.3d 138 (1st Cir. 1995) ...................................................................................... 7

*Gardemal v. Westin Hostel Co.*
   186 F.3d 588 (5th Cir. 1999) ..................................................................................... 7

*George Reiner & Co. v. Schwartz*
   41 N.Y.2d 648 (1977) ............................................................................................. 4

*Harrison v. Samuel*
   2006 U.S. Dist. LEXIS 41856 at 8 (S.D.N.Y. June 20, 2006) ................................. 9

*Hoffritz For Cutlery Inc. v. Amajac Ltd.*
   763 F.2d 55 (2d Cir. 1985) .................................................................................. 4, 6

*Hope v. Otis Elevator Co.*
   389 F.Supp.2d 1235 (E.D. Cal. 2005) ..................................................................... 7

*KPMG Consulting Inc. v. LSQ II LLC*
   2002 U.S. Dist. LEXIS 12783 at *4 (S.D.N.Y. July 12, 2002) ................................ 8

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*
   89 F.R.D. 497 (C.D. Cal. 1981) .............................................................................. 9

*Murphy v. Schneider Nat'l, Inc.*
   362 F.3d 1133 (9th Cir. 2004) ................................................................................. 8

*PaineWebber Inc. v. Westgate Group,Inc*.
   748 F. Supp. 115 (S.D.N.Y. 1990) .......................................................................... 5

*Perkins v. Benguet Consolidated Mining Co.*
   42 U.S. 437 (1952) ................................................................................................ 3, 4

*Piedmont Label Co. v. Sun Garden Packing Co.*
   598 F.2d 491 (9th Cir. 1979) ...................................................................................... 7

*Rio Properties Inc. v. Rio Int'l. Interlink*
   284 F.3d 1007 (9th Cir. 2002) .................................................................................... 7

*Sacody Technologies, Inc. v. Avant, Inc.*
   862 F. Supp. 1152 (S.D.N.Y. 1994) ....................................................................... 4, 6

*Van Dusen v. Barrack*
   376 U.S. 612 (1964) ................................................................................................... 8

**Federal Statutes**

28 U.S.C. §1404 ............................................................................................... 1, 8, 10

28 USC §1391 ............................................................................................................ 8

N.Y. Civ. Prac. L. & R. § 302(a)(1) ............................................................................ 4

1.      Defendants SKUNK STUDIOS, INC., JASON CALDERONE, TOM ESTESS, and KALLE WIK ("Moving Defendants") submit this Reply Brief in Support of their FRCP 12(b) Motion to dismiss this action for lack of personal jurisdiction and improper venue. In the alternative, pursuant to 28 U.S.C. §1404, Moving Defendants respectfully request that this Court transfer this action to the Northern District of California, where jurisdiction and venue are proper.

## I.      ADDITIONAL FACTS

2.      In her Opposition to Moving Defendants' Motion to Dismiss, Plaintiff Margaret Wallace ("Plaintiff") argues that Skunk Studios Inc. has "systematic and continuous business contacts with New York State." *See Affirmation of Gary Adelman,* pg. 3. As purported evidence of this fact, plaintiff submits an affidavit indicating that Skunk Studios Inc. has contractual relationships with Oberon Media Inc. ("Oberon"), Game Trust, Inc. ("Game Trust"), Boonty Inc. ("Boonty"), Viacom Inc. ("Viacom"), and AudioBrian LLC ("AudioBrain"). *See Wallace Affidavit.* While Plaintiff argues that these are all "New York companies," all are Delaware corporations with the exception of AudioBrain. *See Affirmation of Gary Adelman,* Exh. C.

3.      In truth, Skunk Studios does not have any current business relationship with Game Trust, AudioBrain, or Viacom. *See Reply Affidavit of Kalle Wik,* filed concurrently and incorporated herein by reference ("*Wik Reply Aff.*"), ¶4. In fact, for Game Trust and AudioBrain, Skunk Studios has not had any contract for over two years. *Wik Reply Aff.,* ¶4.

4.      Further, as affirmed by Kalle Wik, Skunk Studios has not interacted with any New York representative or employee of either Oberon or Boonty. *Wik Reply Aff.,* ¶4. Instead, all of Skunk Studios' communication with Oberon and Boonty has taken place either in California, Washington state, or Paris, France. *Wik Reply Aff.*, ¶4.

5.	Moreover, although Ms. Wallace affirmed that Skunk Studios has "negotiated" with several New York businesses, such as EyeBlaster, Inc. and Nickelodeon Inc, (*Wallace Aff.*, ¶5), Skunk Studios is not aware that it has ever had any communication or negotiation with EyeBlaster Inc. *Wik Reply Aff.*, ¶5. Skunk Studios held only one meeting with Nickelodeon Inc. approximately 2 years ago, and this meeting took place in San Francisco, California. *Wik Reply Aff.*, ¶5. The meeting with Nickelodeon did not generate any project for Skunk Studios. *Wik Reply Aff.*, ¶5.

6.	None of these alleged business contacts with any of the companies identified by Plaintiff took place in New York State. *Wik Reply Aff.*, ¶¶4-5. None of the contacts for any of these alleged business relationships, whether current or former, were negotiated in New York State or through New York State contacts. *Wik Reply Aff.*, ¶4-5.

7.	Finally, although Plaintiff contends that Skunk Studios derives revenue from New York, the percentage claimed is dubious as Wik declares it is impossible to determine what percentage is derived from New York due to their internet business model. *Wik Reply Aff.*, ¶6.

8.	Notably, Plaintiff does not aver that any of the individual defendants have <u>any</u> contact with New York State. She does not aver that these individuals or Skunk Studios was served in New York State. Plaintiff does not dispute that Skunk Studios is a California corporation, with its only office located in San Francisco, California, or that all of the defendants are residents of California. Also importantly, plaintiff does not dispute that she herself has always been paid by Skunk Studios as a California resident or that she continued to receive mail in San Francisco, at least through March 2007.

9.	As explained in the Moving Defendants' initial papers, Plaintiff's Complaint explicitly alleges violations of California law, and it admits that "the majority of the underlying occurrences leading up to this lawsuit have taken place [in California]". *See Complaint,* ¶¶2, 6, 11, 19, 23, 30, and 31.

2

## II. PLAINTIFF CANNOT DEMONSTRATE ANY BASIS FOR PERSONAL JURISDICTION OVER ANY OF THE DEFENDANTS

### A. Plaintiff Cannot Show This Court Has Personal Jurisdiction Over the Individual Defendants Wik, Calderone, or Estess

10. In her Opposition, Plaintiff argues that this Court has personal jurisdiction over "defendants" by virtue of their systematic and continuous business contacts with New York State. *Adelman Aff.*, pg. 3. However, plaintiff then only argues about Skunk Studios' alleged contacts in New York. *Wallace Aff.*, ¶¶4-7. Plaintiff does not refute that this Court does not have personal jurisdiction over any of the individual defendants (Wik, Calderone, or Estess), and she does not provide evidence of <u>any</u> business contacts between any of the individual defendants and anyone located in New York. *See Wallace Aff.* Therefore, assuming, *arguendo*, that personal jurisdiction was proper against the corporation, it would still not be proper against the three individual defendants.

### B. Plaintiff Cannot Show This Court Has Personal Jurisdiction Over Skunk Studios

11. Plaintiff cites *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) for the proposition that a Court has personal jurisdiction over a defendant corporation when it has systematic and continuous business contacts with the forum state. *See Adelman Aff.*, ¶11. However, in *Perkins*, *supra*, the President of the defendant corporation, <u>while engaged in doing business in the forum state</u>, <u>was actually served in the forum state</u>. *Perkins, supra*, 342 U.S. at 438. The question for the Court was whether the corporation itself was served *in personam* based on these facts. *Id*. The *Perkins* Court held, "if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative." *Id*. at 444.

3

12.     *Perkins* is very different from this case.  Here, no defendant was served in New York.  *Wik Affidavit*, filed with Moving Defendants' initial papers, and incorporated herein by reference ("*Wik Aff.*").  None of the Moving Defendants, nor anyone else, was transacting business on behalf of Skunk Studios in New York.  *Wik Aff.*  *Perkins* does not apply to this case.

13.     Section 302(a)(1) of the New York long-arm statute provides that a court may exercise personal jurisdiction over any foreign defendant who "transacts any business within the state." N.Y. Civ. Prac. L. & R. § 302(a)(1).  However, for a court to exercise personal jurisdiction under this provision, the claim must "arise from" the transaction of business within the state. *Hoffritz For Cutlery Inc. v. Amajac Ltd.,* 763 F.2d 55, 58-59 (2d Cir. 1985).  In the present matter, Defendants did not transact business in New York nor does the "claim" arise from the transaction of business in New York.

*1. Skunk Studios Does Not "Transact Business" in New York*

14.     The question of whether an out-of-state defendant transacts business in New York is determined by considering a variety of factors, including: (a) whether the defendant has an on-going contractual relationship with a New York corporation, (*George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648 (1977)); (b) whether the contract was negotiated or executed in New York, (*Id.* at 653; *Hoffritz*, 763 F.2d at 60), and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship (*CutCo Indus. Inc. v. Naughton*, 806 F.2d 361, 367-68 (2d Cir 1986); *Hoffritz*, 763 F.2d at 60); (c) what the choice-of-law clause is in any such contract, (*Cutco*, 806 F.2d at 366-67; *Sacody Technologies, Inc. v. Avant, Inc*., 862 F. Supp. 1152, 1156 (S.D.N.Y. 1994) (choice-of-law clause is a significant, but not dispositive, factor)); and (d) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state, *CutCo*, 806 F.2d at 368. Although all are relevant, no one factor is dispositive. Other factors may also be

4

considered, and the ultimate determination is based on the totality of the circumstances. *See PaineWebber Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115, 118 (S.D.N.Y. 1990).

15. Plaintiff fails to demonstrate any sufficient connection between Skunk Studios and any New York company. Even if all of the corporations identified by Plaintiff were New York companies (which is not demonstrated by the evidence put forth in her Opposition), Skunk Studios does not have any connection with the New York branches of any of the identified companies.

16. Skunk Studios does not have any current business relationship with Game Trust Inc. and has not had a contract with Game Trust for approximately 2 years. *Wik Reply Aff.*, ¶4a. Even when Skunk Studios had a connection with Game Trust, it did not generate any revenue for Skunk Studios. *Wik Reply Aff.*, ¶4a.

17. Skunk Studios does not have any current contracts with AudioBrain LLC. and has not had any contracted work with AudioBrain LLC since 2003, when AudioBrain completed its work for Skunk Studios. *Wik Reply Aff.*, ¶4d. Other than paying some royalties for work performed before 2003, Skunk Studios did not have any ongoing business with AudioBrain LLC through 2006. *Wik Reply Aff.*, ¶4d. In addition, Skunk Studios purchased the remainder of the royalty contract with AudioBrain in 2006, effectively concluding all business with AudioBrain. *Wik Reply Aff.*, ¶4d. Skunk Studios has no plans to start any new business with AudioBrain LLC. *Wik Reply Aff.*, ¶4d.

18. Skunk Studios has no connection with Viacom Inc. other than its distribution partnership with Shockwave.com, a San Francisco-based company that was acquired by Viacom within the last year. *Wik Reply Aff.*, ¶4c. Skunk Studios has never had any dealings with Viacom or any Viacom employee/representative located in New York. *Wik Reply Aff.*, ¶4c.

19. Skunk Studios has a very minor contract with Boonty Inc., which is a European distributor who generates very little revenue for Skunk Studios. *Wik Reply Aff.*, ¶4b. Boonty's headquarters and principal place of business are located in Paris, France.

5

*Wik Reply Aff.*, ¶4b.  Skunk Studios' three year old contract with Boonty Inc. was negotiated with a Boonty representative located in Paris, France.  *Wik Reply Aff.*, ¶4b.  No one from Skunk Studios has ever had any dealings with Boonty or any Boonty employee/representative located in New York State.  *Wik Reply Aff.,* ¶4b.

20.     Finally, although Skunk Studios does have a current contract with Oberon Media Inc., Skunk Studios considers Oberon Media Inc. a very minor client.  *Wik Reply Aff.,* ¶4e.  Oberon is a "content aggregator," who distributes Skunk Studios products non-exclusively.  *Wik Reply Aff.,* ¶4e.  All of Skunk Studios' business meetings with Oberon Media Inc. have occurred in San Francisco, California, San Jose, California, or Seattle, Washington.  *Wik Reply Aff.,* ¶4e.  Skunk Studios has never had any relationship with Oberon Media Inc. or any Oberon Media Inc. employee/representative in New York State.  *Wik Reply Aff.,* ¶4e.

21.     Plaintiff's affirmations of Skunk Studios' negotiations with "several" New York businesses, such as EyeBlaster, Inc. and Nickelodeon Inc., are also misleading.  *Wik Reply Aff.*, ¶5.  Skunk Studios is unaware of any communication or negotiation with EyeBlaster, Inc.  *Wik Reply Aff.*, ¶5.   Skunk Studios held only one meeting with Nickelodeon Inc. approximately 2 years ago, and this meeting took place in San Francisco, California.  *Wik Reply Aff.*, ¶5.  The meeting with Nickelodeon did not generate any project for Skunk Studios.  *Wik Reply Aff.*, ¶5.

   *2. This Dispute Does Not "Arise Out of" Business Transacted in New York*

22.     In order for a court to exercise personal jurisdiction under this provision, the claim <u>must</u> "arise from" the transaction of business within the state. *Hoffritz.,* 763 F.2d at 58-59.  A claim "arises out of" a defendant's transaction of business in New York "when there exists 'a substantial nexus' between the business transacted and the cause of action sued upon." *Sacody Technologies*, 862 F. Supp. at 1155, *citing Hoffritz*, 763 F.2d at 60.

6

23. Here, Plaintiff's complaint alleges dilution of her shares of Skunk Studios and a breach of fiduciary duties owed to her by the individual California defendants. *See Complaint.* Plaintiff's own complaint admits that "the majority of the underlying occurrences leading up to this lawsuit have taken place [in California]." *Complaint*, ¶6. Plaintiff cannot, and does not even attempt to, allege that the allegations contained within her complaint "arise out of" a transaction between Skunk Studios and any New York company. There is simply no nexus to the alleged business relationships and her complaints in this lawsuit. She cannot demonstrate a basis for personal jurisdiction under the New York long-arm statute.

24. Plaintiff bears the burden of demonstrating personal jurisdiction because she is the party who invoked the court's jurisdiction. *Rio Properties Inc. v. Rio Int'l. Interlink* (9th Cir. 2002) 284 F.3d 1007, 1019; *Foster-Miller Inc. v. Babcock & Wilcox Canada* (1st Cir. 1995) 46 F.3d 138, 145; *Gardemal v. Westin Hostel Co.* (5th Cir. 1999) 186 F.3d 588, 592; *Davis v. American Family Mut. Ins. Co.,* 861 F.2d 1159, 1161 (9th Cir. 1988).

25. Other than Plaintiff's conclusory, incorrect, and misleading information, she has not demonstrated any contacts between Skunk Studios and any New York businesses/clients. She has not met her burden, and this court should dismiss this action for lack of personal jurisdiction over Skunk Studios and the individual defendants.

### III. THIS CASE SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(3) FOR IMPROPER VENUE

26. In her Opposition, Plaintiff makes almost no argument regarding venue. As Moving Defendants initially argued, Plaintiff bears the burden of establishing that venue is proper in the district in which the suit was initiated. *Hope v. Otis Elevator Co.,* 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005); *Airola v. King*, 505 F.Supp. 30, 31 (D. Ariz. 1980); *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir 1979);

*Bohara v. Backus Hosp. Med. Ben. Plan,* 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005). The court in a 12(b)(3) motion may consider facts outside the pleadings and need not accept the pleadings as true. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

27.     Plaintiff points to only one section of 28 USC §1391 indicating that venue may be brought where "a substantial part of property that is the subject of the action is situated." However, as explained in the Moving Defendants' Motion, the only alleged property that is located in New York State is plaintiff's single stock certificate. This does not constitute a "substantial part of property." Plaintiff's stock certificate is not even a majority of the stock at issue. Her stock constitutes 20% of the stock issued by Skunk Studios. Further, it is <u>extremely</u> transportable, and could even be mailed across the country to be located in California. *KPMG Consulting Inc. v. LSQ II LLC*, 2002 U.S. Dist. LEXIS 12783 at *4 (S.D.N.Y. July 12, 2002)(The location of documents, on the other hand, is "not a compelling consideration when records are easily portable"). Moving Defendants' Motion to Dismiss pursuant to FRCP 12(b)(3) for improper venue should be granted as a matter of law.

### IV. ALTERNATIVELY, THIS COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC §1404

28.     As with the Moving Defendants' Motion to Dismiss for Improper Venue, Plaintiff largely fails to oppose Moving Defendants' request to transfer venue to the Northern District of California. 28 U.S.C. §1404. Under 28 U.S.C. §1404, a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. §1404(a); *Van Dusen v. Barrack,* 376 U.S. 612 (1964), 616; *AEC One Stop Group v. CD Listening Bar*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004). The purpose of §1404(a) is "to prevent waste of time, energy and money" and "to protect litigants, witness and the public against unnecessary inconvenience and expense." *AEC*

*One Stop, supra,* 326 F. Supp.2d at 528, *quoting Trehern v. OMI Corp.,* 1999 U.S. Dist. LEXIS 919 (S.D.N.Y. 1999).

29. Plaintiff argues "defendants place much emphasis on convenience of witnesses.[1]" *Adelman Aff.*, ¶20. She then argues that "the key witness" will be Plaintiff's business partner Nicholas Fortugno. *Adelman Aff.*, ¶20. However, Mr. Fortugno is not a shareholder of Skunk Studios and has nothing to do with Skunk Studios. *Wik Reply Aff.*, ¶8. In this shareholder dispute, plaintiff's current business partner, who does not have a relationship with Skunk Studios, is not relevant. *AEC One Stop Group, supra,* 326 F.Supp.2d at 529 (explaining courts must also consider the materiality, nature and quality of each witness). Here, Plaintiff has sued Moving Defendants for wrongfully diluting her interest in the corporation and for breach of fiduciary duties. Plaintiff's formation of a new business entity in New York with Mr. Fortugno has nothing to do with the internal workings of the defendant corporation.

30. Relevant factors to determine "balance and convenience" for a motion to transfer venue are: (1) deference accorded to plaintiff's choice of forum; (2) convenience to the witnesses and parties; (3) situs of operative facts; (4) interests of justice and judicial economy; (5) relative ease of access to sources of proof; (6) availability of process to compel unwilling witnesses; (7) relative means of the parties; and (8) forum's familiarity with governing law. *Harrison v. Samuel,* 2006 U.S. Dist. LEXIS 41856 at *8 (S.D.N.Y. June 20, 2006) at *7-8.

31. All parties agree on the following facts: Skunk Studios is located in California; all individual defendants reside in California; eighty percent of Skunk Studios' stock is located in California; all of the events that led up to this dispute occurred in California; all corporate records are located in California; the law to be applied is California law. *See Wallace Affirmations; Complaint; Wik Aff.* Further,

---

[1] Defendants emphasize the convenience of witnesses, because courts have held that the convenience of the witnesses is the most important factor in the venue determination. *Filmline (Cross-Country) Productions Inc. v. United Artists Corp.,* 865 F.2d 513, 590 (2d Cir. 1989); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).

undeniably, pertinent witnesses who may need to be subpoenaed (such as Joseph Walters, the former shareholder who sold his stock) reside in California. *Wik Aff.*

32.     The only connections to New York are: Plaintiff resides in New York and so chose to file her lawsuit there; her new business partner Fortugno (who is unrelated to Skunk Studios or the stock of Skunk Studios) resides in New York; and her stock certificate is located in New York.

33.     On balance, all relevant factors mandate that this action should proceed in California. In the event this action is not dismissed, this Court should use its broad discretion to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1404.

## V. CONCLUSION

34.     Based on the above, defendants Skunk Studios Inc., Jason Calderone, Tom Estess, and Kalle Wik respectfully request that this Court dismiss this case. Alternatively, Moving Defendants respectfully request this Court transfer jurisdiction to the Northern District of California.

Dated: San Francisco, California

July ___, 2007

>                               Respectfully submitted,
>
>                               BERTRAND, FOX, & ELLIOT
>
>                               By:_____/s/_____
>                                       Richard W. Osman
>                                       Admitted Pro Hac Vice
>                                       Of Attorneys for Defendants
>                                       Skunk Studios Inc., Jason Calderone,
>                                       Tom Estess, and Kalle Wik
>                                       2749 Hyde Street
>                                       San Francisco, California 94109
>                                       415-353-0999 (phone)
>                                       415-353-0990 (fax)