

**BARTON BARTON & PLOTKIN LLP**

ATTORNEYS AT LAW
GRAYBAR BUILDING | 420 LEXINGTON AVENUE | NEW YORK NY 10170
212.687.6262 | FAX 212.687.3667 | BARTONESQ.COM

gary@bartonesq.com

July 18, 2007

VIA ELECTRONIC CASE FILING

Hon. George B. Daniels
United States District Judge
500 Pearl St., Room 630, Courtroom 15D
New York, NY 10007

Re: Wallace v. Skunk Studios, Inc. et al., (Civil Case No.: 07-Civ.-3899)

Honorable Judge Daniels:

    Pursuant to your instructions at a hearing held on July 12, 2007 on Defendants' Motion to Dismiss for alleged lack of personal jurisdiction or in the alternative to transfer venue to California, this letter shall serve as part of the Plaintiff's Sur-Reply in the above-referenced action with respect to the individual corporate Defendants Jason Calderon, Tom Estess, and Kalle Wik.

    At the outset, it should be noted that pursuant to the Federal Rules of Civil Procedure, questions relating to a District Court's personal jurisdiction over a defendant are "to be determined by reference to the *law of the state where the district court sits*," in other words, here, *New York*. Fed. R. Civ. P. 4(d)(7) and 4(e) (emphasis added); Bialek v. Racal-Milgo, Inc., 545 F. Supp. 25, 30 (S.D.N.Y. 1982). This is despite the fact that this Court may apply a different State's substantive law in regards to the actual dispute behind the lawsuit.

    In regards to the parties' burdens of proof, a motion to dismiss the complaint for lack of personal jurisdiction will not be granted where plaintiff makes out prima facie case for jurisdiction. Bialek v. Racal-Milgo, Inc., 545 F. Supp. 25 (S.D.N.Y. 1982). Under New York law, in order to make a "prima facie showing of personal jurisdiction…the plaintiffs need only demonstrate that facts '*may exist*' to exercise personal jurisdiction over the defendant. Ying Jun Chen v. Lei Shi, 19 A.D.3d 407 (2nd Dept. 2005) (citing Peterson v. Spartan Ind., 33 N.Y.2d 463, 467 (1974); Amigo Foods Corp. v. Marine Midland Bank-N.Y., 39 N.Y.2d 391, 395 (1976); Cordero v City of New York, 236 A.D.2d 577, 578(2nd Dept. 1997) (emphasis added).

**BARTON**
**BARTON**
**& PLOTKIN**
**L.L.P**

Therefore, under New York law, which governs this jurisdictional dispute, Plaintiff simply ***does not have the burden of conclusively proving*** the existence of definite ties between the individual Defendants and New York. To the contrary, Plaintiff but must merely show the existence of certain facts "may exist" which would warrant this Court to exercise power over the Defendants. Plaintiff has certainly done this by showing that these three Defendants, who are directors and officers of Skunk Studios, Inc., a small close corporation, have transacted and continue to transact business in New York.

New York's long-arm statute specifically allows Courts to exercise jurisdiction over parties who are not New York domiciliaries and who have been served with process outside the state. C.P.L.R. § 308. In addition, "[n]othing in the statute's language or the legislative history relating to it suggests that the Legislature intended to accord any special treatment to fiduciaries acting on behalf of a corporation ***nor to insulate them from long-arm jurisdiction for acts performed in a corporate capacity***." People v. Concert Connection, 211 A.D.2d 310 (2nd Dept. 1995). As such, there is no requirement that the Skunk officers have a New York presence apart from the company, so long as they actively transact business in New York on behalf of Skunk Studios, which they certainly do.

In Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 471 (1988) for example, the corporate agent over whom jurisdiction was sought, ***had not physically entered New York***. Nonetheless, jurisdiction had been asserted over him because he ***acted on behalf of a non-domiciliary corporation transacting business in New York.*** The Kreutter Court determined that "it is constitutionally permissible to subject an individual participating in a transaction in a foreign State to long-arm jurisdiction ***even though his contacts with the forum were made in a corporate capacity***. Id. (citing Calder v. Jones, 465 U.S. 783 (1984); Keeton v. Hustler Mag., 465 U.S. 770 (1984); 1 Weinstein-Korn-Miller, op. cit., para. 302.06a, at 3-102 -- 3-104).

In another analogous case, the Court properly found personal jurisdiction over the corporate defendant since he "***supervised [the Company's] business activities in this State***." Corcoran v. Haddon S. Fraser Assocs., 171 A.D.2d 522, 522 (1st Dept. 1991) (holding that personal jurisdiction over the individual defendant was obtained pursuant to both the doing-business doctrine of CPLR S§ 301 and the long-arm statute of CPLR § 302).

Here, the Plaintiff has more than met her burden of showing the existence of personal jurisdiction over the corporation, Skunk Studios, Inc., since it continuously and systematically conducts its business activities in New York (See Plaintiff's Opposition and Sur-Reply to Defendants' Motion to Dismiss.) In regards to the individual Defendants, who are also Skunk Studios' directors and officers and therefore fiduciaries (see Skunk Studios, Inc. Bylaws, attached as Exhibit "C" to Plaintiff's Order to Show Cause), each and every one of them ***conducted business on behalf of Skunk Studios in New York, supervised Skunk's New York affairs, and entered into contracts with multiple New York companies***. Therefore, under the governing New York law, this Court has sufficient basis to exercise jurisdiction over the individuals as well as the company.

**BARTON
BARTON &
PLOTKIN**
LLP

      Defendants have personally negotiated and continue to negotiate with agents of several New York companies regarding contracting with Skunk Studios, persistently exchange invoices and e-mail correspondences with these New York entities, (see, e.g., Exhibits "I," "J," and "N" of Plaintiff's Sur-Reply) and regularly communicate with Skunk's New York-based Intellectual Property attorney. Defendants are fiduciaries of Skunk Studios and its sole directors and officers, and as such, each one and every of them is actively pursuing the New York market for Skunk Studios in this capacity (as thy have a duty and obligation to do). *__All contracts and activities of Skunk in New York were directly supervised, managed, administered, and run by each individual Defendant named in this action__*. Therefore, because under the New York's long-arm statute, which governs here, a corporate agent transacting business in New York on behalf of the company (even if not physically present here) is subject to personal jurisdiction in this State, Defendants Motion to Dismiss should be denied and their request to transfer venue to California should be rejected.

      As a final point, it must be noted that any inconvenience to the Defendants in litigating this matter in this forum is minimal. Because this is an ECF case, parties may simply and easily exchange all documents electronically. Furthermore, it is becoming more common to hold depositions over video conference. In fact, this is specifically provided for by CPLR § 3113(d). Parties could agree to this from the outset, eliminating the necessity of Defendants traveling to New York. Finally, Plaintiff has already consented to California law as governing the substantive dispute involving Defendants' dilution of her stock, thus there is no prejudice to the Defendants.

      Due to the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss or in the alternative transfer venue in its entirely, as Plaintiff has clearly made out her prima facie case of existence of personal jurisdiction, which was only "opposed" by Defendants though misrepresentations and misleading statements

                                     Respectfully submitted,

                                       /s/ Gary Adelman

                                       Gary Adelman, Esq. (GA7138)

**BARTON**
**BARTON**
**&**
**PLOTKIN**
**LLP**

CC:

Lawrence J. Rabinovich & Philip A. Bramson
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
*Attorneys pro hac vice for Defendants*
14 Penn Plaza, Suite 500
New York, NY 10122

Gregory M. Fox & Richard W. Osman
Bertrand, Fox & Elliot
*Attorneys for Defendants*
2749 Hyde St.
San Francisco, CA 94109