LAW OFFICES OF
# BERTRAND, FOX & ELLIOT
A PROFESSIONAL CORPORATION

THOMAS F. BERTRAND
GREGORY M. FOX
EUGENE B. ELLIOT
DANA L. SOONG
RICHARD W. OSMAN
MICHAEL C. WENZEL
HELEN M. KIM
CHRISTINE LEE

THE WATERFRONT BUILDING
2749 HYDE STREET
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 353-0999
E-Mail: bfesf@bfesf.com

TELECOPIER: (415) 353-0990

OF COUNSEL
NANCY A. HUNEKE
ARLENE HELFRICH
RICHARD E. HAMMOND

July 26, 2007

Honorable George B. Daniels
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 630, Courtroom 15D
New York, NY 10007

Re: Wallace v. Skunk Studios et al
Case Number 07-Civ-3899

Honorable Judge Daniels:

We respectfully submit this letter in support of defendants Skunk Studios, Inc., Tom Estess, Jason Calderone, and Kalle Wik's motion to dismiss pursuant to FRCP 12(b)(2) and (3). Although this letter is limited to a response to plaintiff's arguments regarding FRCP 12(b)(2) regarding personal jurisdiction, defendants equally contend that this Court should dismiss this action for improper venue pursuant to FRCP 12(b)(3), or in the alternative, defendants request that this Court transfer venue to the United States District Court for the Northern District of California. Venue is not addressed in detail in this letter because plaintiff provides no argument regarding venue except for one sentence in paragraph 49 of plaintiff's affirmation that states that her boyfriend/business partner's "testimony will be illuminating."

As an initial matter, defendants believe that plaintiff Margaret Wallace's untimely sur-reply and additional legal arguments in opposition to defendants' motion to dismiss as submitted in her July 18, 2007 correspondence, should have been made in her initial opposition, which was due on June 29, 2007. Her last-minute attempts to avoid dismissal are improper and should be disregarded.

Further, even with the additional facts and legal argument submitted by plaintiff in her sur-reply and her July 18, 2007 correspondence, it is clear that Plaintiff is unable to meet her burden to demonstrate that New York courts have personal jurisdiction over the named defendants.

In opposition to defendants' motion to dismiss, Plaintiff submits the following arguments: (1) under New York law, plaintiff does not have the burden to conclusively prove

LAW OFFICES OF
**BERTRAND, FOX & ELLIOT**

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 2

---

personal jurisdiction; (2) the individual defendants (Estess, Calderone, and Wik) have been actively transacting business on behalf of Skunk Studios in New York; and (3) Skunk Studios has "continuously and systematically conducted its business activities in New York. *See Plaintiff's July 18, 2007 Correspondence.*

As detailed below, Plaintiff's submitted evidence does not support these arguments, and defendants' motion to dismiss should be granted based on a lack of personal jurisdiction.

### 1. Plaintiff Has the Burden to Demonstrate Personal Jurisdiction

Defendants do not dispute that New York law is proper to determine issues of personal jurisdiction. Without plaintiff demonstrating service of process in New York, domicile, or consent to appear in New York, plaintiff must meet the requirements of the New York long arm statute. *Pennoyer v. Neff* (1877) 95 U.S. 714, 722.

Under New York law, plaintiff can prove personal jurisdiction under N.Y. Civ. Prac. Law section 301 or 302.[1] In this matter, it remains unclear which section Plaintiff contends applies. Her complaint is devoid of any argument related to personal jurisdiction. In her Opposition to defendants' motion to dismiss, plaintiff argues that this court has personal jurisdiction through NY CPLR §302. *See Affirmation of Gary Adelman in Opposition to Motion to Dismiss,* ¶19. Following receipt of defendants' reply in which defendants argued that §302 applied only when the disputed issue "arises out of" the New York connection, plaintiff apparently began to argue that this Court has personal jurisdiction over defendants under NY CPLR §301.

The law is clear that plaintiff bears the burden to show that the Court has personal jurisdiction over defendants. *Bank Brussells Lambert v. Fiddler Gonzales & Rodriguez,* 171 F.3d 779, 784 (2d Cir 1999); *Int'l. Flavors and Fragrances Inc. v. Van Eeghen Int.'l.,* 2006 U.S. Dist. LEXIS 45696 (S.D.N.Y. 2006) *8. Even with plaintiff's additional facts, she cannot meet the requirements of the New York long-arm statute under section 301 or 302 and her case should be dismissed.

### 2. Plaintiff Has Failed to Demonstrate Personal Jurisdiction Under NY Civ. Prac. Law §301

---

[1] Plaintiff argues that her burden is only to show that personal jurisdiction "may exist." In support, she cites *Ying Jun Chen v. Lei Shi,* 19 A.D.3d 407 (2d Dept. 2005), *Peterson v. Spartan Ind.,* 33 N.Y.2d 463, 467 (1974) and *Amigo Foods Corp. v. Marine Midland Bank-NY,* 39 N.Y.2d 391, 395 (1976). In each of these cases, the Court held that plaintiffs do bear the burden to show personal jurisdiction. The plaintiff <u>must</u> prove sufficient facts to at least warrant further discovery on the personal jurisdiction over defendants. Here, plaintiff fails to meet that burden.

LAW OFFICES OF
**BERTRAND, FOX & ELLIOT**

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 3

---

Section 301 provides: "a court may exercise such jurisdiction over persons, property, or status as it might have exercised heretofore." NY CPLR §301. For a corporation, New York courts apply a "doing business" test to determine whether section 301 has been satisfied. *Bialek v. Racal-Milgo Inc.*, 545 F. Supp. 25 (S.D.N.Y. 1982), citing *Saraceno v. S.C. Johnson & Son Inc.*, 83 F.R.D. 65 (S.D.N.Y. 1979).

Under this test, personal jurisdiction is acquired only if the foreign corporation is doing business in New York in the traditional sense, not occasionally or casually, but rather with a fair measure of permanence and continuity. *Bialek, supra*, 545 F. Supp. at 31. This has been distinguished greatly from the level of business required for jurisdiction under §302. *Id.* at 34; *M.L. Byers Inc. v. HRG Productions Inc.*, 429 F. Supp. 827, 830; *Madden v. Int'l. Ass'n of Heat and Frost Insulators*, 889 F. Supp. 707, 711 (S.D.N.Y. 1995)("section 301 requires a more systematic and widespread course of conduct than section 302").

Section 301 can be applied if a foreign corporation is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in [the state]," even if the cause of action is unrelated to the defendant's New York activities. *Carrell v. Schubert Org.*, 104 F.Supp.2d 236, 268 (S.D.N.Y. 2000); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). The traditional indicia of such "permanence and continuity" include: "1) the existence of an office in New York; 2) the solicitation of business in New York; 3) the existence of bank accounts or other property in New York; and 4) the presence of employees in New York. *Carrell, supra*, 104 F. Supp.2d at 268. Courts construing the "doing business" clause of section 301 have also held that the "collection of dues from New York chapters and the enforcement of policies, decrees, and orders incidental to management in the New York chapter constitute business. *Madden, supra*, 889 F. Supp. at 711; *New York City Jaycees, Inc. v. United States Jaycees Inc.*, 377 F. Supp. 481 (S.D.N.Y. 1974); *B.K. Bruce Lodge Inc. v. Subcommittee of Mgt. of Grant United Order of Odd Fellows in America*, 208 A.D. 100.

Plaintiff has not been able to demonstrate "permanence and continuity" with any business contacts between Skunk Studios Inc. and New York. She attempted to draw these connections by filing her sur-reply affidavit on the eve of the hearing on the motion to dismiss in which she again proffered, in support of her claims, patently false statements, half-truths and other misleading statements about Skunk Studios' business. She also publicly discloses certain private corporate information, potentially causing damage to Skunk Studios.

Filed contemporaneously with this letter is the Affidavit of Kalle Wik in Support of Defendants Letter Response To Plaintiff's Sur-Reply, in which Mr. Wik addresses, paragraph by paragraph, the claims made by plaintiff. If read side-by-side with plaintiff's July 11, 2007 affidavit, it can be seen that plaintiff is playing fast and loose with the truth and is misleading this Court about Skunk Studios' business. In summary, the following is true:

LAW OFFICES OF
**BERTRAND, FOX & ELLIOT**

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 4

---

1. This litigation is entirely based on plaintiff's claims that Skunk Studios has (a) diluted her shares in the corporation, and (2) repurchased another shareholder's 20% share in the company and distributed the shares to the individual defendants. These claims are patently false and plaintiff's case, if not dismissed for lack of jurisdiction will still fail because defendants have done nothing wrong. See, Affidavit of Kalle Wik In Support of Defendants' Reply re Motion To Dismiss, par. 7 ("Plaintiff Margaret Wallace's shares of stock have absolutely not been diluted by any of the defendants.")
2. Leading up to 2006, plaintiff spent time in New York due to her long-distance relationship with boyfriend, Nick Fortugno. Fortugno is the co-founder of her New York based business and is the person that plaintiff claims is a necessary witness in the present litigation despite the fact that Fortugno should have absolutely no information about the internal workings of Skunk Studios.
3. The individual defendants, Kalle Wik, Jason Calderone and Tom Estess have never been to New York to conduct business at all from 2001 to present. Interestingly, plaintiff's counsel argued in court that individual defendants had personally conducted business negotiations in New York.
4. Plaintiff is the only Skunk Studios shareholder that ever attended a press conference, event or business meeting in New York and to defendants' knowledge, these visits (at least for business purposes) were infrequent and did not generate significant business.
5. Skunk Studios never attempted to launch and East Coast office as plaintiff claims. The e-mail attached to plaintiff's affirmation as Exhibit A reads, "Join us to celebrate the establishment of a Skunk Studios outpost on the East Coast," and requests that people RSVP to Margaret Wallace. There was no office being established, but rather, plaintiff was moving to New York to move in with her boyfriend, Nick Fortugno.
6. Despite plaintiff's claims to the contrary, the information regarding Skunk Studios' contacts with businesses in New York, provided in Mr. Wik's initial affirmation in support of the motion to dismiss, remains true and is not contradicted or refuted by plaintiff's misleading and half-true statement.
    a. Skunk Studios has no current business relationship with Game Trust, Inc. and hasn't for about 2 years. The old contract yielded no revenue.
    b. Skunk Studios has not done business with Boonty for about 3 years and despite plaintiff's claim to the contrary, defendants have always understood that the corporate headquarters for Boonty was Paris, not New York. Even looking at Exhibit H to plaintiff's affirmation, it does not list New York as its "corporate headquarters" as plaintiff

LAW OFFICES OF
**BERTRAND, FOX & ELLIOT**

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 5

---

      claims. Plaintiff has provided no evidence that Boonty is a New York corporation.

  c. The alleged connection with Viacom is based on Skunk Studios' relationship with Shockwave, a San Francisco based business. Any dealings with Viacom in New York were through plaintiff.

  d. It is true that Skunk Studios has a distribution agreement with Oberon, Inc., a Delaware corporation. Any contact with Oberon personnel in New York was through plaintiff. Plaintiff's assertion that the distribution agreement is worth "several million dollars" is an exaggeration, is misleading and is without support.

  e. It is true that defendants met only once with Nickelodeon in San Francisco. It appears plaintiff held a few meetings with Nickelodeon that defendants were not aware of and which, in the end, resulted in no business.

  f. Plaintiff's assertions regarding Eyeblaster, Inc. are misleading. There was never any "negotiation" between Eyeblaster and Skunk Studios.

  g. Plaintiff's claim that it would be easy to determine the percentage of Skunk Studios' client base lives in New York is unsupportable.

The truth is that none of the traditional indicia of permanence and continuity detailed in *Carell* exist here. Skunk Studios has no office, bank account or other property in New York. It does not have any employees in New York and does not regularly solicit business in New York. It is clearly not doing business in New York in the traditional sense as its business with New York as it does not conduct business there with a fair measure of permanence and continuity. See, *Bialek, supra,* 545 F. Supp. at 31.

With the exception of one email from Kalle Wik, all of the alleged "connections" with Boonty, Game Trust, Viacom and Oberon were made by Margaret Wallace. The majority of the connections were made by plaintiff herself.

Plaintiff has not drawn any connection between any of the defendants and New York state that demonstrate permanence and continuity. She cannot meet her burden to prove personal jurisdiction under section 301.

### 3. Plaintiff Has Failed to Demonstrate Personal Jurisdiction Under NY Civ. Prac. Law §302

Under section 302 of the New York long arm statute, a court may exercise personal jurisdiction over any foreign defendant who "transacts any business within the state." N.Y. Civ. Prac. L. & R. § 302(a)(1). However, for a court to exercise personal jurisdiction under this

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 6

---

provision, the claim must "arise from" the transaction of business within the state. *Hoffritz For Cutlery Inc. v. Amajac Ltd.*, 763 F.2d 55, 58-59 (2d Cir. 1985); *Bialek, supra*, 545 F. Supp. at 33 (for jurisdiction to attach under section 302, it must be shown not only that defendant performed one of the acts enumerated in section 302(a)(1)-(4), but also that plaintiff's cause of action arose from defendant's performance of that act).

As argued in the motion and reply, none of the defendants transacted business in New York. However, most importantly, plaintiff's "claim" does not <u>arise from the transaction of business in New York</u>.

None of the evidence submitted by plaintiff demonstrates that her claim "arises from" the transaction of business in New York. This is a shareholder dispute. Plaintiff's complaints relate to her interactions with the other shareholders, and she admits that these events took place in California. Plaintiff has not submitted <u>a single fact</u> to show that her dispute with defendants arises from a New York business transaction.

Plaintiff has not met her burden to show personal jurisdiction over defendants under section 302.

4. **Plaintiff Has Not Met Her Burden To Show Personal Jurisdiction Over the Individual Defendants**

Plaintiff also contends that she has demonstrated New York has personal jurisdiction over the individual defendants as "agents" of Skunk Studios Inc. Citing *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988), *Corcoran v. Haddon S. Fraser Associates Ltd.*, 171 A.D.2d 522 (1991), and *People v. Concert Connection*, 211 A.D.2d 310 (1995), plaintiff incorrectly argues that she need not establish personal jurisdiction over the individual defendants, so long as Skunk Studios actively transacts business in New York.

As explained above, Skunk Studios did not actively transact business in New York sufficient to subject it to section 301 jurisdiction. Moreover, none of the cases cited by plaintiff support her argument that there is no need to establish jurisdiction over the individual defendants.

In *Kreutter, supra*, the individual defendant argued he was not liable at all due to the "fiduciary shield" doctrine. He argued that due to the fact he was transacting business on behalf of a corporation, he could not be individually liable or subject to personal jurisdiction under New York's long arm statute. The *Kreuter* Court rejected this argument, holding that an individual could be subject to personal jurisdiction for acting in his capacity as a representative.

LAW OFFICES OF
**BERTRAND, FOX & ELLIOT**

The Honorable George B. Daniels
*Wallace v. Skunk Studios et al*
July 26, 2007
Page 7

---

In *People v. Concert Connection, supra,* a ticket company was illegally scalping tickets for several New York events. The defendant corporation was a Connecticut corporation, but it had two New York phone numbers, sold the tickets to New York events, and shipped the tickets into New York. *People v. Concert Connection, supra,* 211 A.D.2d at 316. The case was directly related to those illegal contracts for the re-sale of tickets (i.e. "arose out of" the contracts for sale), and personal jurisdiction was proper under §302. Nothing in *People v. Concert Connection* or *Kreutter,* holds that a plaintiff does not need to establish personal jurisdiction over the individual defendants simply because they are shareholders of a corporation that may have some business with the subject state.

As explained above, Plaintiff has not provided any evidence of personal interaction or business transactions made by Wik, Calderone, or Estess that were performed in New York. She simply has not met her burden to establish personal jurisdiction over these defendants under the New York long-arm statutes.

### 5.   Conclusion

Based on the above, as well as the defendants' papers previously filed, defendants respectfully request that this Court grant their motion to dismiss with prejudice. In the alternative, defendants' request that the Court dismiss or transfer the matter for improper venue.

Respectfully submitted,

BERTRAND, FOX & ELLIOT

Richard W. Osman